**BURKE v. SCOTT et al.**

No. 9955.

Court of Civil Appeals of Texas. Austin.

March 7, 1951.

Rehearing Denied March 28, 1951.

C. H. Tupper, W. H. Lipscomb, of San Angelo, for appellant.

Upton, Upton, Baker & Griffis, San Angelo, for appellee.

HUGHES, Justice.

Willis B. Burke, appellant, sued appellees, W. A. Scott and Joe Moulton, for the recovery of a commission on the sale of certain real estate located in Hudspeth County, Texas.

Appellant's petition contained the allegation that at all pertinent times he was "a real-estate dealer with a real-estate dealer's license."

Appellees denying this allegation requested a pretrial hearing on this issue. On such hearing appellant admitted he had no license as alleged, and upon such admission the court found as a fact that appellant had no such license and rendered judgment that he take nothing by his suit.

Appellant's single point of error is to the effect that his failure to have a realtor's license did not bar recovery of the commission sued for because he is entitled to recover under a contract made for his benefit.

The facts pleaded show that the seller and buyer of the lands involved executed a written contract, subsequently consummated, which provided: "It is understood that W. B. Burke [1] is the agent in this sale and is entitled to the regular 5 per cent commission, purchaser pays him on

1. Appellant.

the 22,000.00 exchange property, sellers pays him on the balance 82688.00." [2]

With respect to this provision of the contract appellant alleged: "That said contract, wherein it recites that the said defendants were to pay plaintiff a commission of five per cent on the said sum of $82,688 was made for plaintiff's benefit as its object, and he was the person intended to be benefitted thereby."

In addition to this 5% commission appellant sought recovery of $1 per acre upon the lands sold by appellees under an alleged agreement that he was to have all over the listed price, $8 per acre, the land selling for $9 per acre.

Appellant in his brief states that he " * * * sued the defendants for the recovery of a commission on the sale of certain real estate * * *." Accepting this statement as correctly describing the cause of action asserted and accepting the undisputed fact that appellant had no license to engage in the real estate brokerage business as required by Art. 6573a, Vernon's Ann.Civ.St., then it conclusively appears that appellant's right to recovery is barred by Sec. 13 of such Article, which reads: "No person or company engaged in the business of acting in the capacity of a real estate dealer or real estate salesman within this State shall bring or maintain any action in the courts of this State for the collection of compensation for the performance of any of the acts mentioned in Section 2, Subdivision (a) hereof, without alleging and proving that such person or company was a duly licensed real estate dealer or salesman at the time the alleged cause of action arose."

Reverting to appellant's point and his brief we find these cases cited: House v. Houston Waterworks Co., 88 Tex. 233, 31 S.W. 179, 28 L.R.A. 532, and James Stewart & Co., Inc., v. Law Tex.Civ.App., Waco, 228 S.W.2d 601, affirmed by Supreme Court, 233 S.W.2d 558.

These cases are authority for the rule that a person not a party to a contract may enforce it if it appears that the contract was made for his benefit, even though he is a stranger, both to the contract and the consideration.

As we interpret the provision of the contract relied on, it does not constitute a contract or contractual obligation made for the benefit of appellant and appellant's pleadings to the contrary are mere legal conclusions not raising any issue of fact.

We consider the language of the contract to be a mere recitation of the agreement, as the parties understood it, between the parties and appellant with reference to payment of a commission, the recitation being made for the benefit of the parties to the contract and not as creating a contract or obligation upon which appellant could sue.

The general rule is that it will be presumed that parties contract for themselves only and a contract will not be construed as having been made for the benefit of a third party, unless it clearly appears that such was the intention of the parties. Standard Accident Ins. Co. v. Knox, 144 Tex. 296, 184 S.W.2d 612.

There being an exchange of properties involved it was quite natural that the contracting parties would set out in the writing how payment of the commission was to be divided. This provision was for their special benefit. It did not purport to be binding upon appellant and he has not so considered it; otherwise he would not have sued for one dollar an acre above the 5% commission referred to in the contract. The effect of this pleading also, in our opinion, results in negativing any presumed acceptance of the contract by appellant. A third party beneficiary in order to recover upon a contract made for his benefit must accept the contract as made. 10 Tex.Jur., p. 485. It affirmatively appears by appellant's pleading that he has made no such acceptance.

The judgment of the trial court must be affirmed. It is so ordered.

Affirmed.

2. We take these figures to mean $22,000 and $82,688, respectively.

The petition also alleges that the purchaser paid appellant a commission of $1,100 on the $22,000 exchange property.