LIBERTY MUTUAL INSURANCE COMPANY, Appellant,

v.

Guadalupe MARTINEZ, Appellee.

No. 5795.

Court of Civil Appeals of Texas.

El Paso.

July 27, 1966.

Rehearing Denied Oct. 19, 1966.

Emil C. Rassman, John E. Gunter, Midland, for appellant.

John P. Dennison, Pecos, for appellee.

## OPINION

CLAYTON, Justice.

Appeal from a judgment of the District Court of Pecos County, Texas. Plaintiff below, appellee here, Guadalupe Martinez, was injured by an automobile driven by one Lee M. Weatherby. Weatherby and Martinez were on the way to a standpipe on the farm of Mrs. Ivie (Ivy?) Weatherby, mother of Lee M. Weatherby, for whom Martinez also worked, to make some repairs, but had not reached the standpipe. Lee M. Weatherby was the owner of policies of insurance with appellant, Liberty Mutual Insurance Company, and he notified one Arner, who was the agent of appellant, of the accident. Arner was advised by the company's supervisor that the company had a voluntary workman's compensation policy for Weatherby. Arner assumed that premiums had been paid for such coverage. A meeting was held in the office of Mr. Dennison, attorney for Martinez, with Martinez, his attorney, Mr. Weatherby, Mr. Arner and the attorney's secretary, who later acted as notary public, present. Mr. Arner stated that Weatherby had "plenty" of coverage and explained the voluntary workman's compensation policy and that the company wanted an agreement and release from Martinez on a voluntary workman's compensation form which would grant Martinez compensation in return for a release of the employer (Weatherby) and the insurer from all claims, demands or causes of action by reason of the accident. This was translated to Martinez by Weatherby, and Dennison advised Martinez to agree to the same. At a later date, Martinez and his attorney signed such agreement and release, and Arner signed the same as agent for appellant company, with Mr. Dennison's secretary taking Martinez' acknowledgment, a copy being sent to appellant's home office. It was subsequently discovered by appellant that no such coverage existed and no premiums had been paid, and appellant refused to comply with the agreement. Martinez then brought this suit for specific performance. The trial court ordered specific performance and the insurance company brought this appeal.

The trial court found that the agreement and release were not the result of mutual mistakes as to any material fact by the parties thereto, and this finding is the basis of appellant's first point of error. The court found, and the record supports such finding, that neither Martinez nor his attorney had any knowledge of the insur-

ance contracts that existed between Lee M. Weatherby and the appellant, nor were either of them furnished copies of such policies prior to the time the agreement and release was executed and delivered, but they relied entirely upon the representations of the appellant's authorized agent that there was ample insurance coverage, as these representations were translated to appellee, who did not understand English. Therefore, texts and authorities cited by appellant as to the effect of mutual mistake are not applicable here. Point of Error No. 1 is therefore overruled.

■ The appellant's second point of error attacks the court's finding that there were no equitable grounds of relief for appellant under the agreement and release, and ordering specific performance. Appellant had pleaded, alternatively, that the written agreement in question was the result of a unilateral mistake on the part of appellant that it had received premiums from appellee's employer, Lee M. Weatherby, for voluntary compensation coverage, when it had not received such premiums and therefore was not the insurer, and no such coverage existed and no consideration therefor had been paid, that appellee and his employer knew of such mistake but remained silent when they had a duty to inform appellant that no premiums had been paid for such coverage. The record seems clear that appellee knew nothing of such matters, and therefore had no such duty. From the record, it seems doubtful if Weatherby had such knowledge because Arner testified that from his conversation with Weatherby, "I feel like he thought he had coverage" and "I feel like he expected this to be covered". But even if Weatherby had knowledge of the absence of premium payments, we do not see how this is attributable to appellee, when Weatherby was not a party to this action and did not even sign as a witness to the agreement and release. Furthermore, the agreement and release prepared by Arner recites that appellee was injured "while in the employ of Lee M. Weatherby", whereas Weatherby testified at the trial that

at the time of the injury, the appellant was in his mother's employment.

With reference to unilateral mistakes, 13 Tex.Jur.2d 480, § 256, recites:

"As a general rule, to avoid a contract for a mistake of fact, the mistake relied on must be mutual; a mistake by only one party to the agreement, where it is not induced by the acts of the other party, will usually not constitute grounds for relief."

There are certain exceptions to this general rule, which we deem inapplicable here. Furthermore, the same text continues, on page 482, § 258:

"To warrant relief in equity on the ground of mistake, the mistake made must ordinarily not be due to negligence on the part of the petitioner. In other words, if a mistake has resulted from a party's own lack of proper care, indifference, or neglect, relief as a general rule will not be available."

Appellant had before it, in its files, and before the agreement and release was executed, the information now relied on to avoid its contract, but from its own lack of proper care, indifference or neglect, failed to come forward with it until after its agent had signed the agreement, and we believe it is not now entitled to avoid the obligations of the agreement. The second point of error is overruled.

■ In the trial court's third conclusion of law, the court recited: "The agreement and release in question is a binding contract and is supported by a sufficient consideration, to-wit: the unconditional release of his (Martinez') claim". This finding is attacked by appellant in its third point of error. The accident occurred on March 16, 1964 and the release was executed on April 7, 1964, in which Martinez, "in consideration of the undertakings of the insurer and the payments to be made and benefits to be provided as hereinbefore set forth" forever released Lee M. Weatherby and the insurer of and from all causes of action, rights,

remedies, claims, suits or judgments Martinez then had or thereafter might have by reason of the occurrence. In 13 Tex.Jur.2d 189, § 53, it is stated:

"Forbearance to exercise a legal right, or outright surrender of a legal right that one is not bound to surrender, is, as a general rule, a sufficient consideration for a contract or promise."

And, as stated in Cottingham v. Harrison, 89 S.W.2d 255, 257 (Tex.Civ.App., 1935, err. dism.), "Where a contract consists of mutual promises and the promises are not illegal, there can be no question of a want of consideration." Here again, Martinez had no knowledge of the insurance coverage of Weatherby, or any possibility of liability on the latter's part for negligence, if any, in connection with his injuries, and his unconditional release of Weatherby and the appellant seems to bring this matter under the general rule set out above and provide sufficient consideration for the agreement to be binding on appellant. Appellant's third point of error is overruled.

Finding no error herein, the judgment of the trial court is affirmed.