**Frances E. STEGALL, Trustee et al.,
Appellants,**

**v.**

**Sally Stegall FULWILER et al., Appellees.**

**No. 7745.**

Court of Civil Appeals of Texas.

Amarillo.

Oct. 23, 1967.

Rehearing Denied Nov. 20, 1967.

Kirby & Ratliff and Ted L. Sansom, Littlefield, for appellants.

Wynne, Jaffe & Tinsley and Yandell Rogers, Jr., Dallas, for appellees.

NORTHCUTT, Justice.

Frances E. Stegall in her capacity as trustee for her son and joined by her husband, F. L. Stegall, sued Sally Stegall Fulwiler and husband, J. E. Fulwiler, Jr., and J. R. Stegall for reformation of that portion of a certain deed from J. R. Stegall to Frances E. Stegall, Trustee, which recited a note for $24,500, payable in ten years, it being the contention of plaintiffs that the note should have been payable in twenty years.

Sally Stegall Fulwiler and husband, J. E. Fulwiler, Jr., answered plaintiffs' petition denying each and every allegation contained in plaintiffs' petition, and filed their cross-action. pleading the assignment dated April 19, 1961, wherein J. R. Stegall assigned the note, given by the plaintiffs as part of the purchase price of the land in question to Sally Fulwiler. The Fulwilers further pleaded that from and after said transfer that Sally Stegall Fulwiler was the owner of all the right, title and interest of the said J. R. Stegall in and to said note, the underlying indebtedness, and all liens and titles in and to said land that J. R. Stegall had or claimed and attached a copy of the assignment to her cross-action. The cross-plaintiffs sought judgment for the interest unpaid on said note.

The case was tried to the court without a jury. After a final hearing the court entered judgment that plaintiffs, Frances E. Stegall and husband, F. L. Stegall, take

nothing on their prayer for reformation of the deed and granted judgment in favor of Sally and her husband for $2,940 with interest thereon at the rate of 6 per cent per annum. The $2,940 being interest on the $24,500 for the annual interest payments due April 10, 1964, and April 10, 1965. The court also found that Frances E. Stegall and husband and Sally Stegall Fulwiler and her husband had agreed upon a partition of the jointly-owned tract of land here involved and approved the partition agreement. From that judgment plaintiffs perfected this appeal.

J. R. Stegall owned all of the west half of Section 61, Block B, Mulvin Blum & Blum Survey, Bailey County, Texas, together with one-half of the oil, gas and mineral leasehold estate acquired by J. R. Stegall from Cecil Vernon Cole by deed dated March 24, 1961. There was a lien against this land in the sum of $18,000 in favor of Hancock Mutual Life Insurance Company. On April 10, 1961, J. R. Stegall executed a deed to an undivided one-half of the west half of said Section 61 to Frances E. Stegall, Trustee, and had the deed filed for record on April 24, 1961. Frances E. Stegall was trustee for her son, Frank Stegall II. Frank Stegall was the nephew of J. R. Stegall. The consideration expressed in the deed to Frances E. Stegall, Trustee, was $10 and other good and valuable consideration cash in hand paid, the receipt of which was acknowledged and a vendor's lien note in the principal sum of $24,500 executed by the grantee to the grantor, being due and payable on or before ten years from date, note bearing interest from date at six per cent per annum, interest payable annually as it accrues, beginning April 10, 1962, and the further consideration that grantee agreed to pay one-half of the $18,000 lien against the property. J. R. Stegall retained an express lien in the deed in his own behalf to secure the payment of the unpaid purchase money and thereby retained the superior title to the property.

On the same date, April 10, 1961, J. R. Stegall executed a deed to an undivided one-half of the west half of said Section 61 to Sally Stegall, a feme sole, and had the deed filed for record on April 24, 1961. Sally Stegall was the daughter of J. R. Stegall and being the same person herein sued as Sally Stegall Fulwiler. The deed to Sally Stegall recited the consideration of $10 and other valuable consideration and the love and affection which he had for his daughter and the agreement by the grantee to pay to Hancock Mutual Life Insurance Company an undivided one-half of the $18,000 due to Hancock Mutual Insurance Company.

On April 19, 1961, J. R. Stegall transferred the $24,500 note above mentioned to Sally Stegall and had the transfer filed for record on March 24, 1961. The transfer provided that J. R. Stegall sold, transferred and conveyed unto Sally Stegall said note and said lien and all liens and titles held by him in and to said land.

J. R. Stegall sent the $24,500 note due and payable in ten years to Frances E. Stegall to sign and return but she never signed and did not return the note. On November 29, 1961, J. R. Stegall wrote a letter to Frances E. Stegall stating he was enclosing a note for the sum of $24,500 payable twenty years after date and requested her to sign and return it. He had previously requested her to sign the note payable ten years after date that she had refused to sign. On April 24, 1963, J. R. Stegall wrote Frances E. Stegall requesting the note but it was never delivered and at the time of this trial she still had the note that was made payable in twenty years.

The plaintiffs requested the court for findings of fact and conclusions of law. In accordance with such request, the court found, as a fact, that the record filing of the deed and by transmitting of the vendor's lien note to Frances E. Stegall for execution and return by her, J. R. Stegall offered to sell and convey the real estate under the terms and conditions set out in the deed; that she had actual knowledge of the terms and conditions of the sale offered

by J. R. Stegall though she had not actually seen the deed; that by taking possession of the property she accepted J. R. Stegall's offer to sell and convey as set out in the deed; that she ratified the purchase transaction by making payments upon the lien indebtedness as specified in the deed and by paying taxes upon the property; that J. R. Stegall transferred all his rights to the note and rights in the property to Sally Fulwiler and that she had at no time authorized him to sell and convey the real estate for any consideration or under any terms or conditions different from those specified by the recitals of the deed received in evidence. The court, in the conclusions of law, held that the acceptance of the sale by J. R. Stegall, Frances E. Stegall, as Trustee, became obligated to pay the consideration set forth in the deed, as specified by said deed, and her acceptance of delivery of said deed was conclusively presumed from her assumption of the incidents of ownership of the land in question; that after J. R. Stegall sold and transferred the $24,500 note (payable as set out in the deed) said lien and all liens and titles held by him to Sally Stegall Fulwiler in and to said land that he had no power or right to negotiate with Frances E. Stegall for sale and conveyance of the real estate under any terms and conditions or for any consideration other than that specified by the recitals of the deed in question; further holding no question of fraud or mutual mistake was raised by the pleadings or the evidence in the case.

■ Hereafter Frances E. Stegall and husband will be referred to as appellants and Sally Stegall Fulwiler and husband as appellees. J. R. Stegall does not appear in this appeal. Appellants present this appeal upon three assignments of error contending the court erred in giving effect to the note since no such note ever existed and the deed shows upon its face that the note is not considered contractual in nature; that the court erred in holding the appellants had accepted the deed by assuming the incidents of ownership without finding when such assumption occurred, and in concluding after the

assignment to appellees that J. R. Stegall had no right or power to negotiate different terms or consideration. Surely after selling all his right, title and interest in the property he would have no further rights to contract as to such property. Judge Alexander, in the case of Robinson v. Smith, 130 S.W. 2d 381 (Tex.Civ.App.—Waco, 1937, writ ref'd) stated:

"It is a well recognized rule that where a vendor sells land and retains an express lien in the deed in his own behalf to secure the payment of unpaid purchase money, he thereby retains the superior title to the property. 43 Tex.Jur. 228. This superior title may be conveyed to a third person along with the debt and lien where the assignment expressly so provides."

Appellants pleaded that Frances E. Stegall and Sally Stegall Fulwiler were the joint owners in fee simple and together were the sole owners of the half section of land here involved each owning an undivided one-half interest in and to said real estate out of a common source of title; namely, J. R. Stegall, by virtue of two deeds recorded in Volume 85, Pages 182 and 185, Deed Records of Bailey County, Texas. These are the two deeds J. R. Stegall executed and had filed for record transferring the property to the parties here involved. After making the deeds and transferring all his interest and title in the real estate in the assignment of the note to Sally Fulwiler he had no further interest or right to said real estate and could make no change to the terms of the note in question. Appellants do not plead or offer any evidence that the provisions in the deed requiring the $24,-500 note would be paid within ten years with interest payable annually was inserted in the deed by reason of fraud, accident or mutual mistake. There is nothing in this record to show J. R. Stegall was ever obligated to deed the land to appellants.

■ Under this record if there was ever a misunderstanding or mistake in connec-

tion with the sale of this property in question, it was during the making of the oral contract back when J. R. Stegall was buying the land from Mr. Cole. A misunderstanding or mistake occurring during the making of the oral contract is not grounds for reformation. It merely avoids the agreement. Continental Casualty Company v. Bock, 340 S.W.2d 527 (Tex.Civ.App.—Houston, 1960, writ ref'd n. r. e.); Callihan v. White, 139 S.W.2d 129 (Tex.Civ.App.—Eastland, 1940, no writ); Sun Oil Co. v. Bennett, 125 Tex. 540, 84 S.W.2d 447 (1935).

■ The rule of equity which affords a party relief as against a written instrument must depend upon fraud or mutual mistake. It is not sufficient grounds for reformation that one of the parties has made a mistake but it must be a mutual one. Ostrom v. Jackson, 127 S.W.2d 987 (Tex.Civ.App.—Fort Worth, 1939, no writ) and the many cases there cited. See also Holchak v. Clark, 284 S.W.2d 399 (Tex.Civ.App.—San Antonio, 1955, writ ref'd).

■■ It is stated in Clopton v. Cecil, 234 S.W.2d 251 (Tex.Civ.App.—San Antonio, 1950, writ ref'd n. r. e.) as follows: "The determination of lawsuits of this kind necessarily depends upon the facts of the particular case, such as, the nature of the mistake, the action of the parties in dealing with the property after the mistake has occurred and similar matters." Soon after the deed was recorded appellants received the note here involved which provided it was payable in ten years. Without having the deed changed the appellants have ever since claimed title to the property and paid Hancock Mutual Life Insurance Company payments as the deed provided that was assumed, paid taxes and also paid interest for two years. In order that an instrument may be reformed, it must appear that the part sought to be changed or expunged was inserted through accident, fraud or mutual mistake. There is neither fraud nor mutual mistake pleaded or proven herein.

Judgment of the trial court is affirmed.