**Charles C. ROUGH, Appellant,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, Inc., Appellee.**

**No. 17064.**

Court of Civil Appeals of Texas. Dallas.

March 8, 1968.

Rehearing Denied March 29, 1968.

Donald Yarborough, of Yarborough, Yarborough & Johnson, Dallas, for appellant.

Royal H. Brin, Jr., of Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from a summary judgment.

Appellant Charles C. Rough, formerly an employee of Southwestern Bell Telephone Company, filed this suit October 18, 1963 seeking severance benefits in an amount between $15,000 and $20,000 from his former employer. In the trial court the suit was docketed as Cause No. 81854–D/B styled Charles C. Rough v. Southwestern Bell Telephone Company. Southwestern Bell Telephone Company will hereafter be referred to as Telephone Company.

Telephone Company filed pleas in bar and abatement and an answer to the merits, pleading an accord and satisfaction evidenced by an agreed judgment in another cause of action and by separate written releases.

Appellant in a supplemental petition alleged that the agreed judgment for $3,600 and the releases he signed pertained only to his claim for workmen's compensation in Cause No. 68058–G styled Charles C. Rough v. Texas Compensation Insurance Company, filed prior to the filing of this suit against Telephone Company; that the $3,600 was paid by Texas Compensation Insurance Company, none of it by Telephone Company; that Telephone Company was not a party to said suit; and that the agreed judgment and written releases were not intended to cover his claim against Telephone Company for severance pay benefits.

Appellant also alleged that (1) no consideration passed for release of appellant's claim against Telephone Company; (2) that as a matter of law no part of the $3,600 paid by Texas Compensation Insurance Company under its policy could be paid for anything but benefits provided by the Workmen's Compensation Law; and (3) that Telephone Company was guilty of fraud which would nullify the effect of the written releases. Appellant prayed for cancellation of the releases.

Telephone Company asserts that it had a right to participate in the accord and satisfaction and the agreed judgment as a third party beneficiary.

The court sustained Telephone Company's motion for summary judgment. Accordingly on July 27, 1967 judgment was rendered that appellant take nothing against Telephone Company in the suit now before us on appeal.

## FACTS

Appellant was discharged by Telephone Company on October 20, 1961. He claims that on the same day, October 20, 1961, he sustained an injury compensable under the Workmen's Compensation Law.

In his deposition appellant claims that he employed an attorney (not his present attorney) to file suits on both his claims— one suit against Texas Compensation Insurance Company for compensation payments, the other suit against Telephone Company for severance pay benefits. The attorney filed the suit against the Texas Compensation Insurance Company for workmen's compensation benefits, but did not file suit against Telephone Company for alleged severance pay benefits.

On March 29, 1963 an agreed judgment was entered in the compensation suit. The judgment recites that $3,600 was paid, of which amount $1,080, or 30 per cent of the amount of the judgment, was allowed as an attorney's fee. The judgment by its terms released both the insurance company and Telephone Company from further liability of any kind, including employee benefits.[1] In his deposition appellant testified that on the occasion of the rendering of the agreed judgment he appeared in court. The judge asked him if that was what he wanted, if so to sign. It was in the courtroom that he then signed his written approval of the agreed judgment.

Telephone Company was not a party to the compensation suit. However, the agreed judgment was approved unconditionally and its entry requested in writing by both appellant himself and his attorney.[2]

There was no appeal from the agreed judgment, nor has it been set aside.

In addition to the agreed judgment appellant and his attorney approved and signed a separate release, which included appellant's claim against Telephone Company.[3] This instrument was acknowledged by appellant before a notary public.

Appellant Rough says that before he signed the judgment and release he was told by his attorney (not his present attorney) that by signing the instruments he was not releasing his claim against Telephone Company for severance benefits and that but for such assurance he would not have signed. However, he testified that he read the judgment and release before signing. And he admits that it was only his own attorney and not any representative

---

1. The judgment contains this recitation:
   "Texas Compensation Insurance Company and Southwestern Bell Telephone Company shall stand fully and finally discharged of and from any and all liability, whatsoever, to Charles C. Rough and his attorneys upon any demands, claims, controversies, actions or causes of action of any kind or character whatsoever, of any nature whatsoever, arising out of his employment with Southwestern Bell Telephone Company, including any and all claims for compensation, disability benefits, *employee benefits*, medical aid, hospital services, doctors. nursing, chiropractic services, medicines and prosthetic appliances, past, present and future; and
   "It appearing to the Court that the entire Judgment as above outlined, and all costs of suit have been paid and satisfied, it is so ordered that no execution issue." (Emphasis ours.)

2. The written approval, signed by appellant and his attorney, was as follows:

"WE, THE UNDERSIGNED, HAVE FULLY READ AND UNDERSTAND THE FOREGOING JUDGMENT AND AGREE TO AND REQUEST THE COURT TO ENTER THE SAME."

3. We quote part of the release:
   " * * * in consideration of the defendant's agreement to the entry of said judgment, hereby and herein fully, finally, and forever release, quitclaim and discharge Texas Compensation Insurance Company and Southwestern Bell Telephone Company, of and from any and all liability, claims, controversies, demands, actions, or causes of action, of any kind or character whatsoever, of any nature whatsoever, arising out of his employment with Southwestern Bell Telephone Company, including any and all claims for compensation, disability benefits, *employee benefits*, * * *." (Emphasis ours.)

of Telephone Company who assured him that he was not releasing his claim against Telephone Company for severance benefits.

The sum of $3,600 was paid to appellant and his attorney by Telephone Company, as evidenced by Telephone Company's check. On the back of the check is still another written release underneath which appear the signatures of appellant and his attorney. This was the third release signed by appellant and his attorney.[4]

Appellant testified that some time later he discharged the attorney then representing him and employed his present attorney. The suit now before us on appeal was filed by appellant's present attorney.

## OPINION

In his one point of error appellant simply asserts that the pleadings and deposition of appellant raise a genuine issue of material fact.

■ We see no merit in appellant's claim of fraud on the part of Telephone Company. He says himself that it was his own attorney, not anyone representing Telephone Company, who told him that by signing he would not be releasing Telephone Company. Moreover, the instruments he signed are not ambiguous, and no one contends that they are ambiguous, and appellant says he read them before he signed. Under the circumstances as disclosed by the testimony of appellant himself there is no basis for cancelling the releases on grounds of fraudulent representations by Telephone Company. Fidelity-Southern Fire Ins. Co. v. Whitman, 422 S.W.2d 552 (Tex.Civ.App., Houston 1967); Stegall v. Fulwiler, 423 S.W.2d 182 (Tex.Civ.App., Amarillo 1967); Liberty Mutual Ins. Co. v. Martinez, 407 S.W.2d 272 (Tex.Civ.App., El Paso 1966, no writ); Thigpen v. Locke, 363 S.W.2d 247 (Tex.Sup.1962); Morris v. Millers Mutual Fire Ins. Co., 343 S.W.2d 269 (Tex.Civ.App., Fort Worth 1961, no writ); Courseview, Inc. v. Phillips Petroleum Co., 158 Tex. 397, 312 S.W.2d 197 (1958); Indemnity Ins. Co. of North America v. W. L. Macatee & Sons, 129 Tex. 166, 101 S.W.2d 553 (1937); Houston & T. C. R. Co. v. McCarty, 94 Tex. 298, 60 S.W. 429, 53 L.R.A. 507 (1901).

■ There is no merit to appellant's contention that there was no consideration for the release of Telephone Company. The evidence shows without dispute that the $3,600 was paid to appellant by Telephone Company. Appellant accepted Telephone Company's check and his portion of the cash proceeds, after endorsing the check under the written release recitation. See Liberty Mutual Ins. Co. v. Martinez, 407 S.W.2d 272 (Tex.Civ.App., El Paso 1966, no writ) and Burke v. Scott, 237 S.W.2d 655 (Tex.Civ.App., Austin 1951, writ ref'd n. r. e.) in regard to release of third party beneficiaries though they may be stranger both to the contract and the consideration.

■ The releases executed by appellant are not invalid because they have the effect of releasing both appellant's claim against Insurance Company for workmen's compensation and his claim against Telephone Company for employee benefits. He had the right to enter into a contract for the settlement at the same time of both claims.

4. Above the endorsement of appellant and his attorney on the back of the check was the following recitation:
"In full, complete & final release, satisfaction, and discharge of judgment rendered on the 29th day of March, 1963 in the case of Charles C. Rough vs Texas Compensation Insurance Co. No. 68058–G, 134th Judicial District Court of Dallas County, Texas, and in full and complete settlement, satisfaction, release and discharge of all claims, benefits, compensation, doctor, medical and hospital expenses, damages, demands, actions, and causes of action of every nature whatsoever known or unknown, past, present, and future, held by Charles C. Rough against Texas Compensation Insurance Company and/or Southwestern Bell Telephone Company on account of injury allegedly sustained by Charles C. Rough on or about October 20, 1961, while in the employ of Southwestern Bell Telephone Company in Dallas, Texas, and also all causes of action whether or not they grew out of said alleged injury."

Liberty Mutual Ins. Co. v. Martinez, 407 S.W.2d 272 (Tex.Civ.App., El Paso 1966, no writ); Sims v. Auringer, 301 S.W.2d 286 (Tex.Civ.App., Fort Worth 1957, writ ref'd n. r. e.); Borden v. Sneed, 291 S.W.2d 485 (Tex.Civ.App., Waco 1956, writ ref'd n. r. e.); Westfall v. Lorenzo Gin Co., 287 S.W.2d 551 (Tex.Civ.App., Eastland 1956, no writ); Burke v. Scott, 237 S.W.2d 655 (Tex.Civ.App., Austin 1951, writ ref'd n. r. e.); James Stewart & Co. v. Law, 228 S.W.2d 601 (Tex.Civ.App., Waco 1950, affirmed 149 Tex. 392, 233 S.W.2d 558, 22 A.L.R.2d 639); Knox v. Ball, 144 Tex. 402, 191 S.W.2d 17, 23, 164 A.L.R. 1453 (1946); Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823, 829, 158 A.L.R. 470 (1945); Citizens Nat. Bank v. Texas & P. Ry. Co., 136 Tex. 333, 150 S.W.2d 1003 (1941).

It is our opinion that the record before us raises no material fact issues. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.

BATEMAN, J., did not participate in the consideration or final disposition of this appeal.