Marvin L. JOSEPH, d/b/a Joseph's Frame Shop, Appellant,

v.

PPG INDUSTRIES, INC., Appellee.

No. 13910.

Court of Appeals of Texas, Austin.

June 27, 1984.

Rehearing Denied Aug. 1, 1984.

Thomas B. Booker, Salmanson, Smith & Booker, Austin, for appellant.

Claude E. Ducloux, Robinson, Felts, Starnes, Angenend & Mashburn, Austin, for appellee.

SHANNON, EARL W. SMITH and GAMMAGE, JJ.

### ON MOTION FOR REHEARING

EARL W. SMITH, Justice.

On motion for rehearing we withdraw our opinion and judgment dated April 18, 1984 and substitute the following.

Marvin L. Joseph, d/b/a Joseph's Frame Shop (Joseph) sued PPG Industries, Inc. (PPG) seeking damages for express breach of warranty and also for violations of the Deceptive Trade Practices Act (DTPA). Tex.Bus. and Comm.Code Ann. § 17.41 *et seq.* (Supp.1984). Trial was to a jury. At conclusion of the evidence, the trial court removed the case from the jury and rendered judgment that Joseph take nothing in his claim for damages and cancelling PPG's mechanic's and materialman's lien as being untimely filed. The judgment is affirmed in part and is reversed and remanded in part.

### THE FACTS

On August 19, 1977 Joseph entered into a written contract with John Swope Construction Company (Swope) for Swope to build a commercial building for the maximum price of $250,000. Plans and specifications called for installation of a series of double-paned windows. PPG submitted a bid for sale and installation of the glass which was accepted by Swope. PPG and Swope entered into a written contract providing that PPG would sell and install the glass for $10,654.01. The contract also contained a warranty which provided that if the materials (glass) furnished by PPG had not been manufactured in a workmanlike manner, "PPG's only obligation shall be to provide a replacement unit(s) but no labor."

Joseph paid Swope all but $9,000 of the contract price for the entire building; payment of the contract necessarily included the window glass. Swope, however, failed to pay PPG, abandoned the job sometime in September of 1978, and cannot be found.

Subsequently the glass windows began to fog up and look dirty—failing to conform to contract specifications, PPG's express and implied warranties, and representations. PPG admitted that 60% of the 44 windows were bad or defective due to seal failure, stipulated that the units failed to conform to the representations made, and stipulated that its express warranties were breached. After inspecting the glass, PPG's representative offered and tendered glass to replace the defective units in full compliance with their limited warranty to Swope. Joseph refused and insisted upon the installation as well. PPG stipulated that the reasonable cost of replacement

and repair would be $9,564 with $3,188 of this representing labor cost.

The trial court refused Joseph's requested special issue submitting the limited warranty's failure of essential purpose, holding in its judgment that the warranty did not fail of its essential purpose as a matter of law. The judgment recites further that:

[T]he failure of the consideration flowing to Defendant, PPG Industries, Inc., excuses performance under the contract between PPG Industries, Inc., and John Swope Construction Company, and, accordingly, that Plaintiff should take nothing by this suit. The Court is of the further opinion that Defendant PPG Industries, Inc. failed to perfect the mechanic's and materialman's lien forming the basis of its counterclaim.

## DECEPTIVE TRADE PRACTICES ACT

Appellant's second point of error complains that "[t]he trial court erred in failing to render judgment for appellant under the Texas Deceptive Trade Practices Act upon appellee's stipulation that appellee represented the goods had uses, characteristics or benefits which they did not have." The court's judgment implies, and appellee argues, that appellant's DTPA claim was denied for failure of consideration. It should be pointed out that the contract action and the DTPA claim are entirely separate causes of action in this case. The pleadings and proof on the DPTA claim went to representations made before the contract, not to the warranties which were the basis of the breach of contract action.

■ Appellee argues that the DTPA "specifically contemplates that consideration should support a contract," citing *Hall v. Bean*, 582 S.W.2d 263 (Tex.Civ.App.1979, no writ). *Hall v. Bean* does not so hold. The court in that case discussed consideration in determining the definition of "purchase" in defining "consumer" under § 17.-45(4) of the DTPA. "Purchase" is discussed and defined as requiring an exchange of consideration. While the argument is attractive to one's sense of fairness in this case, there is simply no real authority for the proposition that one who pays for goods, such payment having never been

received by the seller, is not a consumer under the Act. The case law focuses on the consumer's payment *not* the seller's receipt of payment. *Garcia v. Rutledge*, 649 S.W.2d 307 (Tex.App.1982, no writ); *Bancroft v. Southwestern Bell Telephone Co.*, 616 S.W.2d 335 (Tex.Civ.App.1981, no writ); *Exxon Corp. v. Dunn*, 581 S.W.2d 500 (Tex.Civ.App.1979, no writ). There seems to be a gap in the statute between its provisions for who can be sued and who can sue. There is no question that Joseph is a consumer under the Act since he at least *sought* to purchase the glass. *See Ridco v. Sexton*, 623 S.W.2d 792, 795 (Tex. App.1981, no writ); *Anderson v. Havins*, 595 S.W.2d 147, 155 (Tex.Civ.App.1980, no writ).

■ Common law defenses may not be used to defeat claims under the DTPA. Bragg, Maxwell, and Longley, *Texas Consumer Litigation*, § 9.06 (2d ed. 1983), citing *Smith v. Baldwin*, 611 S.W.2d 611 (Tex.1980). This is so because the DTPA "was not designed to be a codification of the common law...." *Smith v. Baldwin*, *supra* at 616. Provision of a defense of failure of consideration could be inferred from the definition of consumer as discussed above. However, in the absence of some stronger authority, we must liberally construe the DTPA as required by § 17.44 "to protect consumers against false, misleading, and deceptive business practices ... and breaches of warranty and to provide efficient and economical procedures to secure such protection." Tex.Bux. and Comm.Code Ann. (Supp.1984).

Appellee argues that Justice Spears' concurrence in *Gupta v. Ritter Homes, Inc.*, 646 S.W.2d 168, 170 (Tex.1983) is authority that contract defenses are available in DPTA cases. However, a close reading of the opinion does not support that contention. Justice Spears actually held that in that case, extending the implied warranty of habitability to subsequent purchasers, the builder still had "all the traditional contract defenses available to him." Justice Spears made that statement with reference to the fact that the subsequent pur-

chaser still had the burden of proving a latent defect "attributable to the actions or inactions of the builder/seller." In essence, the extension of the common law action to subsequent purchasers did not eliminate the common law defenses to the cause of action itself.

Appellee argues that even if failure of consideration is no defense, Joseph has not shown any "material inducement on the part of PPG that caused the contract between Swope and Marvin Joseph." PPG's reliance on *Thomas v. Atlas Foundation Company*, 609 S.W.2d 302 (Tex.Civ.App. 1980, writ ref'd n.r.e.) is misplaced. That case is based on a later version of § 17.-50(a) which requires the consumer to prove that the deceptive act was "a producing cause of actual damages." *Id.* at 303. The 1977 version of the DTPA applies since the representations giving rise to the cause of action occurred then. *Woods v. Littleton*, 554 S.W.2d 662 (Tex.1977). At the applicable time, § 17.50(a) provided that the consumer must have been "adversely affected" by the representations. 1973 Tex.Gen. Laws, ch. 143, § 1, at 326. Appellant has clearly met this burden by proving that Joseph's architect used PPG's brochures (their representations) in preparing the building specifications and in choosing this brand of glass. We hold that Joseph pleaded a cause of action under the DTPA.

We pass next to the issue of damages recoverable under the Act. The DTPA provided for recovery of "three times the amount of actual damages plus court costs and attorneys' fees reasonable in relation to the amount of work expended...." 1973 Tex.Gen.Laws, ch. 143, § 1, at 327. "The actual damages suffered ... are determined by the total loss sustained by plaintiff as a result of the deceptive trade practices." *Smith v. Baldwin, supra* at 617. It has also been stated that "the Act was intended to permit the adversely affected plaintiff to recover the greatest amount of 'actual damages' he has alleged and established by proof was factually caused by the defendant's conduct." *Woo v. Great Southwestern Acceptance Corp.*, 565 S.W.2d 290, 298 (Tex.Civ.App. 1978, writ ref'd n.r.e.). It was stipulated on trial of this case that the reasonable cost of replacement and repair would be $9,564 with $3,188 of this representing labor cost. PPG was at all times willing and prepared to replace the glass to Joseph at no cost and assuming that PPG is still willing to do so, Joseph's only actual damage proved was $3,188, the labor cost. We will remand for a finding as to PPG's present intention. If they are not willing to provide the glass, absent any contractual obligation, the stipulated cost of the glass must be included as actual damages.

## COUNTERCLAIM

PPG brought a counterclaim against Joseph "for all sums of money now due and owing by plaintiff to PPG Industries, Inc., either under the contract for construction as may be proven at trial or for the value of goods received and used to the benefit of plaintiff." At trial PPG proved that the original contract price was $10,654.01, that the value of goods received and used to the benefit of plaintiff was $9,284.93, and that PPG had not received any payment for such.

Joseph brought action to remove cloud from his title and to cancel PPG's mechanic's lien. It was shown at trial and conceded in oral argument that PPG failed to properly perfect its lien and the trial court so held. However, the trial court was in error in concluding that perfection of the lien was the sole basis of PPG's counterclaim. PPG also claimed a set-off for the monies due and owing for the amount of its goods and services received by Joseph. This counterclaim is not barred by limitations since it arose from the same transaction that is the basis of Joseph's suit and was known to Joseph. *Swaim v. International Harvester Co.*, 505 S.W.2d 634, 636 (Tex.Civ.App.1974, writ ref'd n.r.e.).

However, PPG is not entitled to an offset for their counterclaim; "It is well settled that where a subcontractor (derivative lien claimant) fails to perfect his mechanic's lien, he is not entitled to a money judgment against the owner, in the absence

of privity of contract or other circumstances which would render the owner personally liable." *Lopez v. Bonded Construction and Supply Co.*, 594 S.W.2d 809, 813 (Tex. Civ.App.1980, no writ). *See also Crockett v. Brady*, 455 S.W.2d 807 (Tex.Civ.App. 1970, no writ); *McConnell v. Frost*, 45 S.W.2d 777 (Tex.Civ.App.1931, writ ref'd); *Owen v. Griffin*, 34 S.W.2d 333 (Tex.Civ. App.1930, no writ).

■ There is clearly no privity of contract between PPG and Joseph and we could find no cases, nor are we cited to such, that indicate the other "circumstances which would render the owner personally liable." *Lopez, supra.* Thus, the trial court did not err in denying PPG's counterclaim.

## ATTORNEYS' FEES

■ While the applicable version of the DTPA stated that the prevailing consumer "may" recover attorneys' fees, it has been interpreted as mandatory. *Woods v. Littleton, supra.*

■ Though there is testimony in the record as to reasonably incurred attorneys' fees, there is no fact finding thereon, and the trial court denied recovery of such. In failing to file a fact finding on attorneys' fees and in failing to enter judgment for Joseph based on such findings, the trial court erred. We will remand for a determination of attorneys' fees and damages.

## CONTRACTUAL BREACH OF WARRANTY

Appellant's first, third, and fourth points refer to their cause of action for PPG's contractual breach of its express warranty. PPG was willing to comply with its contract warranty which was limited to replacement of the defective glass. In order for Joseph to recover for installation costs he had to prove that the limited warranty failed of its essential purpose. Tex.Bus. and Comm.Code Ann. § 2.719(b) (1968). The court held that the failure of consideration excused performance, but also held that, as a matter of law, the warranty did not fail of its essential purpose.

■ The trial court did not err in holding that the failure of consideration flowing to PPG excused performance under the contract between PPG and Swope.

In order for Joseph to recover on the contract he must accept the contract as made. *Burke v. Scott*, 237 S.W.2d 655, 656 (Tex.Civ.App.1951, writ ref'd n.r.e.). There is no question but that PPG was entitled to payment under the contract and although there is no requirement that consideration pass from the third party [Joseph] "the contract must be supported by consideration as between the promisor [Swope] and the promisee [PPG]." 14 Tex.Jur.3d, *Contracts* § 236 at 415 (footnote omitted). Surely, Joseph should not be entitled to recover as a third party on a contract when the actual contracting party could not recover. *Burke v. Scott, supra.*

■ Swope, the actual contracting party, did not perform his obligation under the agreement and one who has himself broken a contract cannot recover on it. *Halbert v. Standley*, 488 S.W.2d 887, 889 (Tex.Civ. App.1972, writ ref'd n.r.e.). *See also Morgan v. Singley*, 560 S.W.2d 746 (Tex.Civ. App.1977, no writ); *Price v. Appalachian Resources Company*, 496 S.W.2d 136 (Tex. Civ.App.1973, no writ).

■ It is as if there was no contract at all. On motion for rehearing, appellant argues that this cause of action was brought under the UCC and authority of *Nobility Homes of Texas, Inc. v. Shivers*, 557 S.W.2d 77 (Tex.1977). They argue that the court's rationale in *Nobility* for taking away the contract defense of privity is equally applicable to abolishing failure of consideration as a defense. We cannot agree and appellant has cited no authority for this proposition. Privity addresses who may enforce a valid contract—failure of consideration addresses the validity of the contract itself.

■ Joseph complains of the trial court's refusal to submit to the jury his requested special issue on "failure of essential purpose," and the holding of the court that such was solely a question of

law, and that appellee's limited remedy did not fail of its essential purpose. Since appellee was excused from performing under the contract, the failure of essential purpose is immaterial and any error in the trial court's refusal to submit same was harmless. *Smith v. Red Arrow Freight Lines, Inc.*, 460 S.W.2d 257, 259–60 (Tex. Civ.App.1970, writ ref'd n.r.e.).

### DECISION

We hold that the trial court did not err in denying Joseph recovery on the theory of breach of warranty and in denying PPG's counterclaim. The court erred in denying Joseph's DTPA claim and attorneys' fees thereunder. The judgment of the trial court is affirmed insofar as it removes PPG's purported lien as a cloud on Joseph's title; it is reversed and the cause is remanded for trial on actual damages and attorneys' fees to which Joseph may show himself entitled.