# NO. 12-17-00054-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SHERRY PARKER,* *APPELLANT* | § | *APPEAL FROM THE 402ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *UNITED-BILT HOMES, LLC,* *APPELLEE* | § | *WOOD COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Sherry Parker appeals the trial court's judgment confirming an arbitration award in favor of United-Bilt Homes, LLC. She presents one issue on appeal. We affirm.

### BACKGROUND

On July 23, 2010, Sherry and William Parker entered into a Home Building Agreement in which United-Bilt agreed to construct a home on the Parkers' land. The parties also executed a Retail Installment Contract and a Builder's and Mechanic's Lien Contract. The Parkers ceased making payments on the contract after December 5, 2011. Due to the non-payment, United-Bilt initiated foreclosure proceedings and scheduled a foreclosure sale for October 2, 2012.

William filed suit in a Wood County district court to enjoin the foreclosure. United-Bilt removed the case to the United States District Court for the Eastern District of Texas. The federal court ordered the parties to proceed to mediation and arbitration. United-Bilt filed a demand for arbitration with the American Arbitration Association requesting relief against both William and Sherry. The parties subsequently attended an unsuccessful mediation, after which arbitration proceedings occurred. The arbitrator ruled in favor of United-Bilt on September 30, 2014. The arbitration award granted United-Bilt $125,310.29 in damages, accruing interest at the rate of $25.48 per day, along with arbitration fees and costs, and allowed United-Bilt to

foreclose after an additional thirty days. William asked the federal court to set aside the arbitration award and United-Bilt asked that it be confirmed. The federal court confirmed the award, and William filed an appeal with the Fifth Circuit Court of Appeals.

When the Parkers failed to comply with the arbitration award, United-Bilt scheduled another foreclosure sale for September 1, 2015. In response, William claimed that he had a potential buyer for his property and asked that (1) he receive an additional forty-four days to conduct the sale; and (2) United-Bilt agree to a reduced payoff amount. Thereafter, United-Bilt agreed to accept payment of $125,000, and the parties agreed to sign the agreement on the date of the scheduled foreclosure sale. Pursuant to this settlement and release agreement, the Parkers were to dismiss the federal lawsuit within ten days, dismiss the appeal to the Fifth Circuit, and pay the $125,000 to United-Bilt within forty-four days.

After the Parkers failed to make payment under the settlement and release agreement, United-Bilt scheduled a foreclosure sale for April 5, 2016. Sherry then filed suit in Wood County seeking a temporary restraining order, temporary injunction, permanent injunction, and declaratory judgment. United-Bilt filed a counterclaim for confirmation of the arbitration award. At a bench trial, the trial court found that "the Parkers failed to take any of the action required of them by the [settlement] agreement and I deny the relief requested by the Plaintiffs and find for the Defendant, that they can go forward on the foreclosure." The trial court signed an order that confirmed the arbitration award, adopted the arbitrator's findings and judgment, rendered judgment in favor of United-Bilt, authorized United-Bilt to proceed with foreclosure, and denied Sherry's requested relief. This appeal followed.

### CONFIRMATION OF ARBITRATION AWARD

In her sole issue, Sherry contends the trial court erred in finding the settlement and release agreement was a valid contract. She argues that she was not a proper party to the settlement agreement, lacked the capacity to enter into the agreement, and signed the agreement as a result of undue influence. Therefore, Sherry maintains that the trial court erroneously rendered a verdict in favor of United-Bilt.

### Analysis

On appeal, Sherry maintains that the trial court erred by determining the validity of the post-arbitration settlement agreement. However, the trial court's judgment makes no mention of

2

the settlement and release agreement. Although the trial court verbally found that the Parkers failed to comply with the settlement agreement, the written judgment grants United-Bilt relief on its counterclaim for confirmation of the arbitration award. A trial court's written judgment prevails over oral pronouncements made at trial. *See **Seasha Pools, Inc. v. Hardister***, 391 S.W.3d 635, 640 (Tex. App.—Austin 2012, no pet.). Thus, the judgment reflects the trial court's confirmation of the arbitration award, not enforcement of the settlement agreement. Accordingly, whether Sherry was a proper party to the settlement agreement, possessed the capacity to enter the agreement, or was unduly influenced into signing the agreement are not questions necessary to final disposition of this appeal.[1] *See* TEX. R. APP. P. 47.1.

To the extent Sherry's argument may be construed as encompassing a challenge to the trial court's confirmation of the arbitration award, review of an arbitration award is extraordinarily narrow. ***Patel v. Moin***, No. 14–15–00851–CV, 2016 WL 4254016, at *2 (Tex. App.—Houston [14th Dist.] Aug. 11, 2016, pet. denied) (mem. op.) (Texas Arbitration Act); ***Amoco D.T. Co. v. Occidental Petroleum Corp.***, 343 S.W.3d 837, 844 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (Federal Arbitration Act). All reasonable preferences are indulged in favor of the award. ***Patel***, 2016 WL 4254016, at *3; ***Amoco D.T.***, 343 S.W.3d at 841. A party seeking to vacate an award bears the burden of presenting a complete record that establishes grounds for vacatur. ***Patel***, 2016 WL 4254016, at *2; ***Amoco D.T.***, 343 S.W.3d at 841.

An arbitration award governed by the FAA or the TAA must be confirmed unless it is vacated, modified, or corrected under certain limited grounds. *See* 9 U.S.C. § 9; TEX. CIV. PRAC. & REM. CODE ANN. § 171.087 (West 2011). An arbitration award shall be vacated under the FAA upon application only when (1) the award was procured by corruption, fraud, or undue

---

[1] We also note that Sherry's mental capacity was previously litigated in the arbitration forum. "[A]n award of arbitrators upon matters submitted to them is given the same effect as the judgment of a court of last resort. All reasonable presumptions are indulged in favor of the award, and none against it." ***CVN Group, Inc. v. Delgado***, 95 S.W.3d 234, 238 (Tex. 2002). Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *See **John G. & Marie Stella Kenedy Mem. Found. v. Dewhurst***, 90 S.W.3d 268, 287 (Tex. 2002); *see also **Grynberg v. BP PLC***, 855 F. Supp. 2d 625, 653 (S.D. Tex. 2012) (subsequent proceeding barred by res judicata because claims were previously addressed in arbitration). In this case, Sherry's attorney sent a letter to the arbitrator alleging that she was mentally incapacitated. And the arbitrator's award states, "Respondents also contend that they each lacked the requisite mental capacity to have entered into the Contract." The arbitrator denied the Parkers' claims "in their entirety," which necessarily included the claims regarding mental incapacity. *See **Hogan v. J. Higgins Trucking, Inc.***, 197 S.W.3d 879, 883 (Tex. App.—Dallas 2006, no pet.) ("A ruling is implicit if it is unexpressed, but capable of being understood from something else[]"). As a result, Sherry's mental capacity was previously litigated in the arbitration action and is barred by res judicata. *See **Delgado***, 95 S.W.3d at 238; *see also **Dewhurst***, 90 S.W.3d at 287.

means; (2) there was evident partiality or corruption in the arbitrators; (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing for sufficient cause, in refusing to hear pertinent and material evidence, or any other misbehavior which prejudiced any party's rights; or (4) the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award was not made. 9 U.S.C. § 10(a); *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582, 128 S. Ct. 1396, 1402, 170 L. Ed. 2d 254 (2008). An arbitration award shall be vacated under the TAA upon application only when (1) the award was obtained by corruption, fraud, or undue means; (2) the rights of a party were prejudiced by evident partiality by an arbitrator appointed as a neutral arbitrator, corruption in an arbitrator, or misconduct or willful misbehavior by an arbitrator; (3) the arbitrators exceeded their powers, refused to postpone the hearing after a showing of sufficient cause for postponement, refused to hear material evidence, or conducted the hearing in a manner that was contrary to one of five sections of the TAA and that substantially prejudiced the rights of a party; or (4) there was no agreement to arbitrate, the issue was not adversely determined in a proceeding to compel or stay arbitration, and the party did not participate in the arbitration hearing without raising the objection. TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a) (West 2011); *Hoskins v. Hoskins*, 497 S.W.3d 490, 494 (Tex. 2016).

In this case, we first note that Sherry's brief states that arbitration occurred between William and United-Bilt. The record also indicates that her original petition alleged that she was not "made a party to the previously litigated matter[,]" referring to the arbitration. However, our review of the record indicates that Sherry was a party to the arbitration. "[A] 'party to an action' is 'one who is directly interested in the subject matter in issue, who has a right to make defense, control the proceedings, or appeal from the judgment.'" *Zanchi v. Lane*, 349 S.W.3d 97, 102-03 (Tex. App.—Texarkana 2011), *aff'd by* 408 S.W.3d 373 (Tex. 2013) (quoting *Hodde v. Susan*, 58 Tex. 389, 393 (1883)). The home building agreement that Sherry and William both signed with United-Bilt contained an arbitration clause. Sherry is listed as a party on the arbitration documents, including the demand for arbitration and the award. Furthermore, her counsel sent letters and other documents, such as a letter detailing the Parkers' requested relief, to the arbitrator on Sherry's behalf as a respondent. Accordingly, the record demonstrates that Sherry participated in the arbitration proceedings and, as a party to the transaction with United-Bilt, had a direct interest in the subject matter at issue during the arbitration. *See id*.

4

According to Sherry, however, the settlement agreement disposed of all outstanding issues between the parties. At trial, Sherry argued that the settlement and release agreement superseded the arbitration award. Under the terms of the agreement, the Parkers were required to dismiss any pending motions filed in the U.S. District Court, dismiss the appeal to the Fifth Circuit Court of Appeals, and pay United-Bilt, within forty-four days, the reduced sum of $125,000. The record indicates that the Parkers did not fulfill any of these duties. As a result, the trial court found that the Parkers failed to comply with their duties under the agreement and ruled that United-Bilt was entitled to foreclose. On appeal, Sherry does not argue that she complied with the terms of the settlement agreement, and it is undisputed that neither she nor William fulfilled their obligations under the agreement. Generally, a defaulting party under a contract cannot subsequently enforce that contract. *See Shellnut v. Wells Fargo Bank, N.A.*, No. 02-15-00204-CV, 2017 WL 1538166, at *7 (Tex. App.—Fort Worth Apr. 27, 2017, pet. filed) (mem. op.); *Ramex Constr. Co. v. Tamcon Servs. Inc.*, 29 S.W.3d 135, 137 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *Joseph v. PPG Indus., Inc.*, 674 S.W.2d 862, 867 (Tex. App.—Austin 1984, writ ref'd n.r.e.) ("one who has himself broken a contract cannot recover on it[]"); *see also Mustang Pipeline Co., Inc. v. Driver Pipeline Co., Inc.*, 134 S.W.3d 195, 196 (Tex. 2004) ("It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance."). Because Sherry breached the terms of the settlement and release agreement, it is axiomatic that she cannot attempt to enforce select terms of that agreement. *See Shellnut*, 2017 WL 1538166, at *7; *see also Ramex Constr. Co.*, 29 S.W.3d at 137; *Joseph*, 674 S.W.2d at 867. Under these circumstances, the settlement agreement cannot supersede the arbitration award.

Finally, Sherry did not argue in the trial court, nor does she contend on appeal, that the arbitration award should have been vacated for any of the grounds enumerated in the FAA or TAA. As the party seeking to avoid enforcement of the arbitration award, Sherry bore the burden of proving a ground for vacatur; otherwise, confirmation of the award is mandatory. *See Amoco D.T.*, 343 S.W.3d at 844. Because Sherry did not attempt to demonstrate grounds for vacating the arbitration award under either the FAA or the TAA, we conclude that the trial court was required to confirm the arbitration award, and did not err in doing so. *See* 9 U.S.C. § 9; TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.087, 171.088.

Based on the foregoing, we hold that the trial court did not err in rendering judgment in favor of United-Bilt.  Sherry's sole issue is overruled.

## DISPOSITION

Having overruled Parker's sole issue, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered December 13, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 13, 2017**

**NO. 12-17-00054-CV**

**SHERRY PARKER,**
Appellant
V.
**UNITED-BILT HOMES, LLC,**
Appellee

Appeal from the 402nd District Court
of Wood County, Texas (Tr.Ct.No. 2016-236)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **SHERRY PARKER,** for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*