Donald R. THOMPSON et ux., Appellants,

v.

FIRST AUSTIN COMPANY, Appellee.

No. 18082.

Court of Civil Appeals of Texas, Fort Worth.

Sept. 21, 1978.

Rehearing Denied Oct. 19, 1978.

Haralson & Parks and Larry Parks, Austin, for appellants.

Jones & Norris, Inc., and Dewey R. Hicks, Jr., Austin, for appellee.

## OPINION

HUGHES, Justice.

Donald and Mary Thompson, a married couple, have appealed the take-nothing summary judgment granted First Austin Company by trial court. Thompsons had sued for damages under the "Deceptive Trade Practices and Consumer Protection Act," (D.T.P.A.) Tex.Bus. & Comm. Code Ann. § 17.41 through § 17.50.

We affirm.

Basically, Thompsons claimed that First Austin failed to comply with the terms of its April 2, 1976 letter to them promising not to foreclose a deed of trust lien against their home while they tried to sell such home and while they kept their payments up to not more than two payments behind. First Austin's posting such property for foreclosure was an unfair practice under D.T.P.A. according to the Thompsons. As a result, they allege mental anguish, a reduced price in the sale of their house under threat of foreclosure, plus unnecessary expenses in selling such house.

Thompsons claim to be "consumers" under D.T.P.A., as the term is defined in Section 17.45(4), because they purchased "services", as that term is defined in Section 17.45(2), when they borrowed money from First Austin to buy the house. Services detailed in Thompsons' brief were: Receipt of credit for loan payments, application of proceeds of condemnation, payment of taxes and insurance through First Austin, an extension of time for payment of debt (§ 8 of deed of trust) and application of payment and posting of notices in case of foreclosure of deed of trust lien.

First Austin asserts that the Thompsons may not maintain a D.T.P.A. cause of action because, under their allegations, they are not consumers as defined by the Act. Thompsons, citing *Woods v. Littleton,* 554 S.W.2d 662 (Tex.1977), allege that they purchased services—"a note and deed of trust" just as Woods had purchased services—"a warranty" in the case above cited.

We hold that Thompsons did not purchase a service; "a note and deed of trust."

Rather it is the reverse: Thompsons purchased the use of money with the "note and deed of trust." The provisions in the deed of trust are for the benefit of First Austin in securing repayment of its loan and the options provided therein are First Austin's. Such provisions apply to Thompsons only in the sense that they provided for them to perform their duties in return for what they had already received in full—the money to pay for their house.

Thompsons urge the extension of payment time option under the deed of trust as a service to which they are entitled. The summary judgment proofs show that Thompsons did not offer, promise or pay any consideration to First Austin for agreement to extend time to perform any obligation of the note (affidavits undisputed). We hold that Thompsons' asserted attempt to place themselves within the past due installment provisions of the note does not constitute a new consideration.

■■■ It is axiomatic that an agreement for extension of time for performance of a contract must be supported by a separate and distinct consideration. *Benson v. Phipps,* 87 Tex. 578, 29 S.W. 1061 (1895). Agreement to pay what is already owed is no consideration to extend time for payment of note or installment. *Austin Real-Estate & Abstract Co. v. Bahn,* 87 Tex. 582, 30 S.W. 430 (1895). Consideration offered must be for an additional amount of interest—either a totally new interest payment or an agreement to forego the right to make a delinquent payment for a definite period so the creditor will earn a set amount of interest under the extension agreement. *Kirby v. American State Bank,* 18 S.W.2d 599 (Tex.Com.App.1929, opinion adopted). There was no definite extension time agreed between the Thompsons and First Austin.

Since we hold the Thompsons not to be consumers under the provisions of D.T.P.A., we overrule point of error number one A. In view of our "no consumer" ruling, we also overrule points of error one B, one C, two and three.

Judgment of the trial court is affirmed.