Susan ROWLETT et vir., Appellants,

v.

W. W. McMILLAN, Appellee.

No. 1902.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 22, 1978.

Rehearing Denied Dec. 13, 1978.

Robert E. Newey, Dazey & Newey, Houston, for appellants.

Stanley C. Frank, Jr., Phillip P. Sudan, Richie, Greenberg & Brachman, Houston, for appellee.

CIRE, Justice.

This is an appeal from a summary judgment rendered in favor of appellee, W. W. McMillan.

■ Appellants, Susan Rowlett and her husband, Douglas Rowlett, sued Mr. McMillan to recover for personal injuries incurred by Mrs. Rowlett when an unknown intruder broke into the house appellants were renting from appellee and forcibly raped her. Appellants' suit at the trial level was based upon the theory that McMillan was negligent in failing to replace a flimsy back door after repeated requests by the Rowletts and in failing to provide a safe place for them to live. Mr. McMillan moved for a summary judgment which was granted. We reverse and remand.

The rental agreement signed by the Rowletts contained the following language:

> We do not unstop sewer lines after one week of live in. We repair complaints on Saturdays; Someone must be home, if you call in a complaint and our repair man comes out and their [sic] is no one home, then we will not send him back out unless you pay a $10.00 fee for his trip.

This language expressly excludes only one type of repair; it then limits only the time at which appellee will send a repairman to the rented premises. There are no other conditions or limitations expressed in the clause. Further, appellants in their pleadings and reply to the motion for summary judgment indicate that Mr. McMillan did send a repair crew to the premises but then refused to authorize replacement of the door. This raises fact issues as to whether, first, Mr. McMillan had a duty to make repairs, and second, whether he carried out this duty in a negligent manner. As a result it was error for the trial judge to render a summary judgment for appellee.

■ The rental agreement contained an exculpatory clause consisting of the following language:

We do not carry any insurance on you or your personal property and we are not responsible for any ACCIDENTS OR DAMAGES that occur in or on these premises. Tenant is renting this property at his or her own risk.

Appellee purports to use this clause to support the summary judgment rendered in his favor. This clause, he says, absolved him from liability as a matter of law. We do not feel this defense was properly presented.

In his answer to appellants' original petition, appellee made only a general denial. He did not there set forth the exculpatory clause as relieving him from liability. This is an affirmative defense which under Rule 94, Texas Rules of Civil Procedure, is required to be affirmatively pled.

■ Rule 166–A requires that the grounds for summary judgment shall be specifically set forth by the motion. Appellee's motion for summary judgment does no more than recite the clause verbatim. It is not even alleged in the motion that appellee is claiming that the clause relieves him from liability, and there is no supporting summary judgment proof to demonstrate that he is relying on such a defense. This is contrary to the exact and precise requirements of Rule 166–A and it will not be allowed.

This case is reversed and remanded to the trial court.

Reversed and remanded.

## ON MOTION FOR REHEARING

Appellee argues in his motion for rehearing that the holding in the Texas Supreme Court case of *Westchester Fire Insurance Co. v. Alvarez*, 22 Tex.Sup.Ct.J. 57 (October 28, 1978) requires affirmance of the judgment of the trial court. We do not agree.

In the *Westchester* case Mrs. Alvarez sued the insurance company for $10,000.00. The insurance company filed a motion for summary judgment, but the motion failed to state *any* grounds therefor, contrary to Rule 166–A(c). Mrs. Alvarez did not except to this failure to state specific grounds, but raised this objection for the first time on appeal. The supreme court held:

> The record and the affidavits attached to the motion undisputedly establish that Westchester Fire Insurance Company had paid Mrs. Alvarez more than $10,000 in workers' compensation benefits and was therefore subrogated to the rights of Mrs. Alvarez in the $10,000 check under Article 8307 § 6, but the motion did not specifically state this ground *or any other ground* for judgment as required by Rule 166–A(c) (emphasis added).

> \* \* \* \* \* \*

> [W]e hold that the failure of a motion for summary judgment to specify grounds is a defect of form that is waived unless excepted to prior to rendition of judgment.

■ Unlike the appellant in *Westchester*, appellee here did not fail to state any grounds in support of his motion for summary judgment. On the contrary, he specifically set out the ground that "[d]efendant had no duty to replace the door." This was based on the facts that there was no covenant to repair in the lease and that any promise to repair was gratuitous and without consideration. He did not state that the exculpatory clause relieved him of any duty to repair.

Since appellee affirmatively stated grounds for summary judgment, appellants could not except to the motion on that basis. It is this fact which distinguishes this case from the *Westchester* case. Further, appellants could assume that appellee was relying on the stated grounds and not on some other part of the rental agreement which was not set out as a ground. Appellee's motion was calculated to mislead appellants into not excepting.

Appellants, therefore, by failing to except, did not waive the right to complain on appeal of the rendition of summary judgment, and appellee may not prevent reversal by now urging, for the first time, the exculpatory clause as a ground for summary judgment.

Motion for rehearing overruled.