EXXON CORPORATION, Appellant,

v.

Marvin D. DUNN, Appellee.

No. 19832.

Court of Civil Appeals of Texas,
Dallas.

March 29, 1979.

Rehearing Denied April 25, 1979.

Melinda Furche Harmon, Houston, for appellant.

Thomas C. Railsback, Dallas, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

ROBERTSON, Justice.

The primary question on this appeal is whether appellee Marvin Dunn is a consumer as defined by the Deceptive Trade Practices-Consumer Protection Act, Tex.Bus. & Comm.Code Ann. § 17.45(4) (Vernon Supp. 1978). Appellee sued appellant Exxon Corporation under section 17.50(b) of the Deceptive Trade Practices-Consumer Protection Act for failing to repair an automobile air conditioner. Appellee was not charged and did not pay for any goods and services in connection with the repair. Trial was to the court, and judgment was rendered for appellee. We hold, however, that appellee is not a consumer as defined by the statute and, therefore, we reverse and render.

Appellee took his five-year-old automobile to an Exxon car-care center to have it filled with gasoline and to have the battery recharged. When he later returned to pick up his car and to pay for the services, he found that the car had overheated. The next day he noticed that the air conditioning unit was not working properly. He returned the car to Exxon who attempted several times to repair the air conditioning unit. Appellee did not pay Exxon, nor was he charged for any of the repairs or attempts to repair the unit.

Tex.Bus. & Comm.Code Ann. § 17.-50(b) confers a cause of action upon a consumer who has been adversely affected by

the violation of deceptive acts or practices. The cause of action conferred by section 17.50(b) is restricted to the class of claimants defined as "consumers" within the meaning of section 17.45(4). *Bourland v. State*, 528 S.W.2d 350 (Tex.Civ.App.—Austin 1975, writ ref'd n. r. e.). Section 17.45(4) defines a consumer as: "[A]n individual, partnership, corporation or governmental entity who seeks or acquires by *purchase or lease*, any goods or services." [Emphasis added] Since Dunn did not "purchase or lease" the repairs, he is not a consumer within the definition of section 17.45(4). *Russell v. Hartford Casualty Insurance Co.*, 548 S.W.2d 737 (Tex.Civ.App.—Austin 1977, writ ref'd n. r. e.); *Thompson v. First Austin Co.*, 572 S.W.2d 80 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n. r. e.).

In *Russell* the defendant insurance company provided the insured with a rental car and the insured understood that he would have the use of this auto until his car could be replaced. Thereafter the rental car was cancelled, and the insured sued the insurance company under the Deceptive Trade Practices-Consumer Protection Act. The court held that the insureds were not consumers under the statute because they had not purchased or leased the car themselves. The defendant lender in *Thompson* wrote a letter to the plaintiff borrowers stating that the lender would not foreclose a deed of trust lien against the borrowers' home while borrowers tried to sell the home and while they kept their payments up to not more than two payments behind. Subsequently, the lender posted the property for foreclosure and the borrowers filed suit under the Deceptive Trade Practices-Consumer Protection Act. In holding that the borrowers were not consumers under the act, the court stated that the borrowers had not purchased services from the lender, but had purchased the use of money with their note and deed of trust. Since the undisputed evidence in this case shows that appellee did not pay for and was not charged for any goods or services by Exxon in the repair of his air conditioning unit, he is not a consumer under the act.

 Appellee argues that the damage to his air conditioning unit resulted from the manner in which the battery was charged and cites *Boman v. Woodmansee*, 554 S.W.2d 33 (Tex.Civ.App.—Austin 1977, no writ) for the proposition that recovery for such damage is actionable under the Deceptive Trade Practices Act. In *Boman* the jury found that a construction company failed to install a swimming pool in a good and workmanlike manner and that this failure was a producing cause of plaintiff's damage. In this case, appellee has not elicited evidence of how the battery was charged and thus failed to establish that the charge was not accomplished in a skillful and workmanlike manner. Therefore, *Boman* is not controlling in this case.

Reversed and rendered.