**Weldon HALL, d/b/a Hall's Marine, Appellant,**

v.

**Gerald BEAN, et ux., Appellees.**

**No. 8276.**

Court of Civil Appeals of Texas, Beaumont.

May 31, 1979.

Lynwood Sanders, Orange, for appellant.

Donald B. Kelley, Orange, for appellee.

KEITH, Justice.

Defendant below appeals from an adverse judgment entered in a jury trial of a consumer protection case. This case comes to us with an agreed statement of facts.

Defendant, individually and in conjunction with the Orange Boat Club, arranged or sponsored a boat race, utilizing the race to advertise his marina. He supplied or was responsible for furnishing all of the prizes for the contest.

Plaintiffs obtained an entry form from defendant, executed the form, and returned it to defendant. Plaintiffs executed an agreement to hold Orange Boat Club harmless, thereby relieving it of liability for any injuries sustained in the race. Plaintiffs executed no such forms relieving the Club of its liabilities for breach of contract of deceptive trade violations and executed no releases in favor of defendant.

On the Thursday prior to the Saturday race, a newspaper article stated that the first price was a 14-foot boat, trailer, and 20-horsepower motor. The testimony was conflicting as to the source of this information pertaining to the first prize. Plaintiff called Hall's Marine and spoke with defendant or his employee or agent prior to the race in order to verify the newspaper article, and in reliance upon such representation, expended much time, money, and effort in preparation for the race.

Plaintiffs won first prize. However, after the race, defendant maintained that the news article was incorrect and caused it to be retracted on Sunday, the day following the race. Defendant offered plaintiffs a 6-horsepower outboard motor, which he maintained was first prize, but plaintiffs refused to accept it and demanded the advertised prize. Plaintiffs filed suit against defendant claiming that defendant's conduct constituted an unconscionable act as contemplated by the Texas Deceptive Trade Practices—Consumer Protection Act, *Tex. Bus. & Comm.Code Ann. § 17.50(a)(3) (Supp.1978–79)* (hereinafter DTPA). Based upon the jury's findings, the trial court held that defendant had committed an unconscionable act and a deceptive trade practice and that plaintiffs were accordingly entitled to three times their actual damages, which were stipulated as being $1,200.00, plus reasonable attorney's fees ($1,400.00) pursuant to *§ 17.50(b)(1)*. Defendant has perfected his appeal from this judgment.

■ Plaintiffs contend that performance in response to an offer made in connection with a "prize contest" creates a binding, enforceable contract, citing *Bowlerama of Texas, Inc. v. Miyakawa*, 449 S.W.2d 357 (Tex.Civ.App.—San Antonio 1969, writ dism'd), and *Kasling v. Morris*, 71 Tex. 584, 9 S.W. 739 (1888). We agree. The evidence

shows and the jury found that (1) defendant, his agent, or employee made an offer to the general public to award the winners of the 1975 Down River Boat Race a new 14-foot boat, trailer and 20-horsepower motor; and (2) plaintiffs accepted this offer by winning the race. Therefore, we find that because defendant breached this contract by refusing to give plaintiffs the advertised prize and claiming first prize was really a 6-horsepower outboard motor, defendant is liable for the stipulated value of the offered prize.

Plaintiffs, however, pleaded and the court held upon the jury's findings that defendant was liable for treble damages and attorney's fees because he had violated *§ 17.-50(a)(3)* of DTPA. Defendant contends that the DTPA is not applicable because plaintiffs were not "consumers" under the Act.

■ One must be a "consumer" as defined by *§ 17.45(4)* of the DTPA in order to bring suit under the Act. *Bourland v. State*, 528 S.W.2d 350, 358 (Tex.Civ.App.—Austin 1975, writ ref'd n. r. e.); *Cape Conroe Limited v. Specht*, 525 S.W.2d 215, 218–19 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ), overruled on other grounds, *Woods v. Littleton*, 554 S.W.2d 662 (Tex. 1977). The jury charge, which follows *§ 17.45(4)*, defines "consumer" as "[a]n individual who seeks or acquires by purchase or lease, any goods or services." The word "purchase" is not defined so we must look elsewhere for its common and ordinary meaning, according to the rules of statutory construction. *Satterfield v. Satterfield*, 448 S.W.2d 456, 459 (Tex.1969); *Sanchez v. Brandt*, 567 S.W.2d 254, 258 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.).

*Black's Law Dictionary (4th Ed. Rev. 1968)* defines "purchase" as the "[t]ransmission of property from one person to another by voluntary act and agreement, founded on a valuable consideration."

It is apparent that plaintiffs did not "purchase" the prize which they sought—no valuable consideration passed between plaintiffs and defendant. Defendant merely contracted that the winner of the boat race would receive a certain prize, and plaintiffs were the winners. Therefore, plaintiffs cannot be classified as "consumers" and, consequently, cannot recover treble damages or attorney's fees as provided by the DTPA.

Plaintiffs contend that if the Act is not applicable, they can still recover attorney's fees under Tex.Rev.Civ.Stat.Ann. art. 2226 (Supp. 1978–79). We find no merit to this contention. Plaintiffs sought to recover under the terms of DTPA and we have held that they may not recover under that Act. They have not shown themselves entitled to recover attorney's fees in this cause. See and compare *Reiger v. DeWylf*, 566 S.W.2d 47, 48 (Tex.Civ.App.—Beaumont 1978, writ ref'd n. r. e.).

Accordingly, the judgment of the trial court is reformed to provide that plaintiffs are entitled to actual damages in the amount of $1,200.00 and, as reformed, is affirmed. Costs are adjudged against plaintiffs.