**Mike RUTHERFORD, Appellant,**

v.

**WHATABURGER, INC., Daily Advertising, Inc., Dal-Worth Whatco, Inc., Appellees.**

No. 20251.

Court of Civil Appeals of Texas, Dallas.

May 19, 1980.

Rehearing Denied June 13, 1980.

John D. Griggs, Dallas, for appellant.

S. Gary Werley, Bishop, Larimore, Lamsens & Brown, Fort Worth, for appellees.

Before GUITTARD, C. J., and AKIN and STOREY, JJ.

AKIN, Justice.

This litigation was instituted by a dissatisfied winner of a promotional contest, when the defendants did not deliver the prize that they had promised. A partial summary judgment was rendered that plaintiff had no cause of action under the Deceptive Trade Practices Act and that plaintiff was not entitled to attorney's fees under Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp.1980) on his theory of recovery under an oral contract. Plaintiff obtained a severance as to these two rulings and appealed although the remainder of plaintiff's cause of action is still pending in the trial court, including that part of plaintiff's cause of action upon which recovery of attorney's fees under article 2226 depends. We hold that this is a final judgment over which we have jurisdiction. We reverse the ruling that plaintiff is not entitled to attorney's fees, but affirm the partial summary judgment holding that plaintiff has no cause of action under the Deceptive Trade Practices Act.

Whataburger is a Texas corporation providing franchises to a chain of fast-food restaurants. Appellee Dal-Worth Whatco, Inc. is a corporation formed for group advertising purposes by some of the Whataburger, Inc. franchise dealers in the Dallas and Fort Worth area. These appellees hired appellee Dally Advertising, Inc. to participate in a six week sales promotion called the "Good Old Days Celebration," designed to increase the sales of "Whataburger" hamburgers in the Dallas and Forth Worth area. As a prize in this promotional scheme, appellees offered an automobile that was supposedly a full-scale replica of a 1930 Bentley automobile, and, as a part of this promotion, also offered reduced prices on their food products. Appellees announced appellant to be the winner of the 1930 Bentley replica and subsequently used his picture for additional promotional publicity. However, appellant never received the prize. Appellees claimed that they were dissatisfied with the quality of the Bentley replica and considered it unsafe to drive; thus they refused to deliver it to appellant. Negotiations as to a substitute prize failed to reach a mutually satisfactory solution. This litigation was instituted with appellant, as plaintiff, alleging Deceptive Trade Practices Act violations and breach of an oral contract along with other causes of action with which this appeal is not concerned. The trial court granted a partial summary judgment for appellees, the defendants below, holding that appellant had no cause of action under the Deceptive Trade Practices Act and that he was not entitled to attorney's fees under Tex.Rev. Civ.Stat.Ann. art. 2226 (Vernon Supp.1980). Appellant then moved for a severance on these issues for the express purpose of obtaining an appellate ruling prior to the trial on the merits. The severance was granted and appeal was perfected on these two issues. The remainder of appellant's cause of action is still pending in the trial court.

■ Our initial question is whether the judgment in the case at bar is final, a prerequisite for our jurisdiction. *Hall v. City of Austin*, 450 S.W.2d 836 (Tex.1970). Appellant asserts that *Pierce v. Reynolds*, 160 Tex. 198, 329 S.W.2d 76 (1959) and *Schieffer v. Patterson*, 433 S.W.2d 418 (Tex. 1968) compel us to hold that we have jurisdiction of the instant case. We agree. As we read *Pierce* and *Schieffer*, each holds that the granting of a severance makes the judgment in the severed portion of the case final for purposes of appellate jurisdiction regardless of whether the severance was proper. The propriety of the severance may be raised by the parties on appeal and the case may be reversed on the ground that the severance should not have been granted. Nevertheless, the judgment in the severed portion of the action is final for the purpose of determining appellate jurisdiction without respect to whether the severance was proper. Because appellant does not attack the propriety of the severance, we do not address that question. Although we hold that the judgment is final for the purpose of determining our jurisdiction, we note the following footnote in *Pierce v. Reynolds*, 329 S.W.2d at 79 n.1, in which the supreme court stated:

> Under our holding in this case, the trial court has the power to burden the appellate courts with a number of appeals in a controversy which should be determined in one proceeding. *Severance of a single cause of action into two parts is never proper and should not be granted for the purpose of enabling the litigants to obtain an early appellate ruling on the trial court's determination of one phase of the case.* [Emphasis added.]

The severance in this case was granted for the express purpose of obtaining an advisory opinion prior to the trial on the merits, an action with which we strongly disapprove. This is true because both questions of whether the plaintiff falls within the ambit of the Deceptive Trade Practices Act and of whether the plaintiff is entitled to attorney's fees under article 2226 could be determined in the trial on the merits and an appeal therefrom, thus obviating two trials and two appeals.

■ Appellant argues that the trial court erred in granting summary judgment denying recovery of attorney's fees under article 2226 on his oral contract claim. Appellant contends that this ruling was erroneous because appellee's motion for summary judgment did not contain a specific ground relating to recovery of attorney's fees under article 2226. We agree. Tex.R. Civ.P. 166–A(c) provides that "[T]he motion for summary judgment shall state the specific grounds therefor." We hold that a summary judgment cannot be sustained on a ground not specifically set forth in the motion. *Rowlett v. McMillan*, 574 S.W.2d 625 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n. r. e.).

Appellee argues, nevertheless, that the summary judgment on attorney's fees was rendered on the ground requesting the court "to ascertain what material facts are actually controverted in good faith and according to law and to then enter an order granting a partial summary judgment which specifies the uncontroverted facts and directs such further proceedings in this action which are justly required." We cannot agree. The quoted portion of the motion requested the trial court to specify undisputed facts. The trial judge's ruling that attorney's fees are not recoverable under article 2226 on an oral contract claim is a legal ruling not raised by the motion for summary judgment.

■ Under Rule 166–A the only grounds considered for reversal of a summary judgment on appeal are those presented in the motion for summary judgment or a response by the nonmovant. Regardless of whether the nonmovant files a response to the motion for summary judgment, the movant has the burden of establishing his right to summary judgment as a matter of law on the grounds set forth in his motion. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979); *Combs v. Fantastic Homes, Inc.*, 584 S.W.2d 340 (Tex.Civ.App.—Dallas), *aff'd per curiam* 596 S.W.2d 502 (1979). Thus, it follows that

a summary judgment will be affirmed on appeal only if the grounds upon which it was granted are specifically set out in the motion.

We recognize that *Phil Phillips Ford, Inc. v. St. Paul Fire and Marine Insurance Co.,* 465 S.W.2d 933 (Tex.1971) held that a summary judgment could be affirmed on grounds not specifically set out in the motion. At the time of the *Phillips Ford* decision, Rule 166–A(c) did not require the motion to state the specific grounds upon which summary judgment was sought nor was the nonmovant required to respond with grounds for denial of summary judgment in order to present them as grounds for reversal on appeal. The amendments to Rule 166–A after that decision have effectively overruled it.

■ Appellant argues that the trial judge erred in entering a partial summary judgment that he was not a consumer under Tex.Bus. & Com.Code Ann. § 17.45(4) (Vernon Supp.1980). We cannot agree. We hold that the appellant is not a consumer under the Deceptive Trade Practices Act because he did not purchase nor seek to purchase the contest prize. We hold that because the appellant is not a consumer under § 17.45(4), he may not recover under that act. Accordingly, the trial court's partial summary judgment that appellant has no cause of action under the Deceptive Trade Practices Act is affirmed.

It is well settled that the plaintiff must be a consumer as defined by § 17.45(4) in order to maintain an action under the Deceptive Trade Practices Act.[1] *Baldwin v. Calcasieu Lumber Co.,* 588 S.W.2d 659 (Tex. Civ.App.—Austin 1979, no writ); *Hi-Line Electric Co. v. Travelers Insurance Co.,* 587 S.W.2d 488 (Tex.Civ.App.—Dallas 1979, writ ref'd n. r. e.). The definition of consumer under the Deceptive Trade Practices Act is set forth in Tex.Bus. & Com.Code Ann. § 17.45(4) (Vernon Supp.1980), as follows:

(4) "Consumer" means an individual, partnership, corporation, or governmental

entity *who seeks or acquires by purchase or lease,* any goods or services. [Emphasis added.]

■ .We have previously held that in order to be a consumer under the Deceptive Trade Practices Act, the plaintiff must seek or acquire goods from the person he is suing. *Hi-Line Electric Co. v. Travelers Insurance Co.,* 587 S.W.2d at 490. As we read § 17.45(4), the words purchase or lease modifies both the words seek and acquire. Thus the plaintiff must either purchase or lease goods from the defendant or seek to purchase or lease goods from the defendant in order to fall within the purview of § 17.45(4). *Exxon Corp. v. Dunn,* 581 S.W.2d 500 (Tex.Civ.App.—Dallas 1979, no writ); *see Anderson v. Havins,* 595 S.W.2d 147, 155 (Tex.Civ.App.—Amarillo 1980, no writ).

The question before us is whether appellant purchased or sought to purchase goods from the appellees. Appellant argues that he is a consumer because he purchased food products from Whataburger. We cannot agree. Appellant has no complaint with respect to the food products. We hold that in order to be a consumer under § 17.45(4) the plaintiff must have purchased or sought to purchase the goods upon which his complaint is based. His cause of action is based on the failure to deliver the contest prize; thus his purchase of the hamburger and french fries does not make him a consumer with respect to the prize. No purchase was required to enter the contest; consequently, appellant did not purchase a chance to win the prize. Furthermore, appellant did not make a purchase under § 17.45(4), so as to be a consumer of the contest prize. Since appellant sought solely to win the prize, he also did not "seek to purchase" it within the ambit of § 17.45(4).

Our holding is also supported by a reading of § 17.45(4) together with the remainder of the act. As we read § 17.45(4) in conjunction with the laundry list of § 17.46, we perceive no intent to grant a private

---

1. This view has been subjected to recent criticism. *Delaney Realty, Inc. v. Ozuna,* 593 S.W.2d 797 (Tex.Civ.App.—El Paso 1980, no writ) (Justice Ward—concurring).

treble damage remedy where there is no defect or misrepresentation as to the goods purchased or sought to be purchased. None of the laundry list violations appear applicable to a situation where the goods are completely satisfactory but a misrepresentation as to a matter unrelated to the goods being sold occurs in a promotional scheme.

Accordingly the summary judgment with respect to plaintiff's cause of action under the Deceptive Trade Practices Act is affirmed, but the summary judgment with respect to attorney's fees is reversed and remanded for trial. Because the severance was erroneous, we direct that plaintiff's claim with respect to attorney's fees be consolidated with plaintiff's primary suit upon which the plaintiff's right to attorney's fees depends. Tex.R.Civ.P. 434.

Affirmed in part and reversed in part.