**Lanelle BANCROFT, d/b/a City Apartment Locators, Appellant,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, Appellee.**

**No. B2539.**

Court of Civil Appeals of Texas, Houston (14th Dist.)

Decided April 8, 1981.

Rehearing Denied May 6, 1981.

Patrick F. Timmons, Jr., Houston, for appellant.

Herb H. Ritchie, Southwestern Bell Telephone Company, Houston, for appellee.

Before COULSON, MILLER and MURPHY, JJ.

MURPHY, Justice.

Lanelle Bancroft, d/b/a City Apartment Locators appeals from a summary judgment entered in favor of Southwestern Bell Telephone Company. We affirm.

In 1977 Lanelle Bancroft (Bancroft), the appellant herein, purchased certain services for her business from the appellee, Southwestern Bell Telephone Company (Bell). Included in that transaction was the pur-

chase of advertising space in the appellee's Greater Houston Directory Yellow Pages (Yellow Pages). The following year Bancroft again applied for directory advertisements to be published in the 1978 Yellow Pages. Included in the "Application for Directory Advertising" the following language appeared:

> The applicant agrees that the Telephone Company shall not be liable for errors in or omissions of the directory advertising beyond the amount paid for the directory advertising omitted, or in which errors occur, for the issue life of the directory involved.

When the 1978 Yellow Pages were published appellant's ads had been omitted. Thereafter Bancroft brought this suit alleging Bell had violated the Texas Deceptive Trade Practices Act, Tex.Bus. & Com.Code Ann. Chapter 17.[1] Specifically, Bancroft pled the following violations had occurred under the TDTPA: (1) Bell represented its services had characteristics, uses or benefits they did not have § 17.46(a), (b)(5) (Vernon Supp.1980–1981); (2) Bell represented its services were of a particular standard or quality, however, they are allegedly that of another § 17.46(a), (b)(7) (Vernon Supp. 1980–1981); (3) Bell by attempting to limit its liability committed an "unconscionable action or course of action" as defined in § 17.45(5)(A) (Vernon Supp.1980–1981) and proscribed as a maintainable action in § 17.50(a)(3) (Vernon Supp.1980–1981). The record reveals appellant paid nothing to appellee for the directory advertising omitted from the 1978 Yellow Pages nor was appellant charged by Bell for the omission.

Bell, after filing its answer, filed a motion for summary judgment alleging Bancroft failed to state a cause of action in her petition. Specifically, Bell contended the disclaimer in the directory application together with the fact Bancroft did not pay for the omitted services conclusively result in there existing no damages and no genuine issue of any material fact in relation to Bancroft's cause of action. In support of its motion Bell filed a certified copy of the directory application which contained the disclaimer and also presented in its motion the trial court's "order deeming requests for admissions admitted", which included the admission Bancroft had not paid Bell for the omitted advertising. Bell also filed a memorandum of law in support of its motion for summary judgment which basically presented the view that the limitation of liability clause in the directory agreement was valid and binding.

In response to Bell's motion for summary judgment, Bancroft filed a memorandum of law in opposition to the said motion. Basically, this statement of the law presented the view material fact issues existed in the case as to whether the limitation of liability is reasonable, and whether the TDTPA had been violated. The trial court granted the summary judgment and appellant, Bancroft, appeals from that decision.

Appellant has presented to this court four points of error which collectively contend the trial court erred in: (1) giving effect to the contractual limitation of liability as such limitation is void as a defense under the TDTPA; and (2) granting the summary judgment as there existed material fact issues concerning the reasonableness of the contractual limitation of liability and whether violations of the TDTPA occurred.

Appellee in response to appellant's points of error contends the trial court was correct in granting the summary judgment because: (1) the limitation of liability provision was valid and binding; (2) Bancroft had no standing to sue under the TDTPA because she was not a "consumer" as required by the Act; and (3) there exists no cause of action under the TDTPA based on appellee's failure to publish the advertising.

■ We agree with appellee's contention that appellant is not a "consumer" as contemplated by the TDTPA. A consumer

---

1. All Section references in this opinion are to Tex.Bus. and Com.Code Ann., Chapter 17 (Vernon 1976), (Vernon Supp.1980–1981). The Chapter is entitled Deceptive Trade Practices which is derived from the title of the enacting legislation called the Texas Deceptive Trade Practices Act and said chapter will be abbreviated in this opinion as TDTPA.

is defined as "[A]n individual, partnership, corporation, or governmental entity who seeks or acquires by purchase or lease, any goods or services." § 17.45(4) (Vernon Supp.1980–1981). It is well settled in Texas case law the plaintiff must be a "consumer" as defined by § 17.45(4) in order to maintain an action under the TDTPA. *Rutherford v. Whataburger, Inc.*, 601 S.W.2d 441, 444 (Tex.Civ.App.—Dallas 1980, writ ref'd n. r. e.); *Hall v. Bean*, 582 S.W.2d 263 (Tex.Civ. App.—Beaumont 1979, no writ); *Exxon Corporation v. Dunn*, 581 S.W.2d 500 (Tex. Civ.App.—Dallas 1979, no writ). The cases are also in accord in construing the meaning of § 17.45(4) as to the phrase "seeks or acquires" as modified by the words "purchase or lease." *Rutherford v. Whataburger, Inc., id; Exxon Corp. v. Dunn, id.* In the case at bar there has been no purchase or lease as required by § 17.45(4). A purchase may be defined as a transmission of property between parties by an act and agreement whereby the transaction is founded upon a valuable consideration. *Hall v. Bean, id.* Bancroft did not pay for the omitted advertisements nor was she charged by Bell for the mistake. Consequently no valuable consideration has passed between the parties and therefore Bancroft has not "purchased" the services from Bell. *Hall v. Bean, Id.; Exxon Corp. v. Dunn*, 581 S.W.2d 500; *Rutherford v. Whataburger, Inc.*, 601 S.W.2d 441; *see Russell v. Hartford Casualty Insurance Co.*, 548 S.W.2d 737 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.). Since Bancroft did not "purchase or lease" the advertisements she is not a consumer as defined by § 17.45(4) and therefore may not maintain this action under the TDTPA.

Having concluded appellant is not a consumer we find it unnecessary to pass on appellant's remaining points of error.

Affirmed.