TEXAS DEPARTMENT OF CORRECTIONS and the State of
Texas, Appellant,

v.

SISTERS OF ST. FRANCIS OF ST. JUDE HOSPITAL, Appellee.

No. 01-87-00161-CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 7, 1988.

Daniel Zemann, Jr., Asst. Atty. Gen., Austin, for appellant.

Phyllis B. Schunck, Wood, Lucksinger, & Epstein, Austin, for appellee.

Before EVANS, C.J., and WARREN and DUGGAN, JJ.

## OPINION ON MOTION FOR REHEARING

DUGGAN, Justice.

Our prior opinion dated February 25, 1988, is withdrawn, and the following opinion is substituted. The motion for rehearing is denied.

The Sisters of St. Francis of St. Jude Hospital ("the Hospital") brought suit on a sworn account against the Texas Department of Corrections and the State of Texas ("the State") to recover for medical services furnished to Rodney Barlow. Barlow, an inmate at the Texas Department of Corrections ("TDC"), incurred the charges while released from the TDC on an emergency medical reprieve.

The State answered the Hospital's petition with a general denial. Thereafter, the Hospital filed a motion for summary judgment asserting that the State's answer was insufficient as a matter of law. After a hearing on the motion, the trial court granted summary judgment for the Hospital and awarded the Hospital the amount of the charges, plus interest and attorneys' fees.

In point of error one, the State asserts that the trial court erred in granting summary judgment because there was a genuine issue of material fact regarding its liability for the charges. Specifically, the State argues that: (1) it is a "stranger to the transaction," thus its general denial was sufficient to deny the Hospital's sworn account; and, (2) there is no evidence that it is responsible for Barlow's medical expenses.

[1–3] When a nonmovant fails to file a written verified denial to a sworn account in accordance with Tex.R.Civ.P. 185, the sworn account is received as prima facie evidence of the debt and the movant is entitled to summary judgment on the pleadings. *Enernational Corp. v. Exploitation Eng'rs*, 705 S.W.2d 749, 750 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). But if there is a deficiency in the sworn account under rule 185, the sworn account does not constitute prima facie evidence of the debt, and a general denial is sufficient to controvert or disprove the account. *Id.* A sworn account is deficient and not prima facie evidence of the debt when the movant's own pleadings and exhibits raise a fact question of whether the nonmovant was a party to the transaction. *Sundance Oil Co. v. Aztec Pipe & Supply Co.*, 576 S.W.2d 780, 780–81 (Tex.1978).

As summary judgment proof, the Hospital attached invoices addressed solely to Rodney Barlow. Neither the State nor any state agency is mentioned as guarantor of the account. Thus, there is a fact

question as to whether the State was a party to the transaction between Barlow and the Hospital. The Hospital did attach an affidavit by the Hospital administrator stating that TDC was responsible for the debt; however, this is a conclusory statement and is not proper summary judgment evidence. *See Harbour Heights Dev., Inc. v. Seaback,* 596 S.W.2d 296, 297 (Tex.Civ. App.—Houston [14th Dist.] 1980, no writ).

The motion for summary judgment specifically sought relief on the ground that the State failed to file a sworn denial. Because no prima facie case on a sworn account was established against the State, the State's general denial was sufficient to answer the Hospital's suit. Thus, summary judgment was improper.

▪ The Hospital urges on appeal that the State is liable for Barlow's medical expenses as a matter of law because, under Tex.Rev.Civ.Stat.Ann. art. 6184n, sec. 5 (Vernon Supp.1988), an inmate granted an emergency reprieve remains in the custody of the TDC and is considered a prisoner for all purposes. The Hospital asserts that because Barlow was considered a prisoner while he was hospitalized, the State of Texas has a constitutional obligation to provide for his medical care under *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). This contention was not asserted in the Hospital's motion for summary judgment. The sole assertion contained in the motion is that the State is liable, as a matter of law, because it failed to file a sworn denial. A motion for summary judgment must state the specific grounds upon which summary judgment is sought, and where it affirmatively sets forth specific grounds, those will be the only grounds considered in support of the judgment. *Rowlett v. McMillan,* 574 S.W.2d 625, 627 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.) (op. on reh'g).

The appellant's first point of error is sustained.

Because of our disposition of this first point of error, we need not address the appellant's second point of error regarding the trial court's granting of attorney fees.

The judgment is reversed and remanded to the trial court.