**Opinion issued March 13, 2018.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00901-CV

————————————

**DONNA KOHLHAUSEN, AS INDEPENDENT EXECUTOR OF THE ESTATE OF VALLEYSSA JOSTE CERRA, Appellant**

**V.**

**BRIAN KEITH BAXENDALE, AS INDEPENDENT EXECUTOR OF THE ESTATE OF KELLEY WILLIAM JOSTE AKA WILLIAM KELLEY JOSTE, Appellee**

———

**On Appeal from the Probate Court No. 2**
**Harris County, Texas**
**Trial Court Case No. 295986-401**

———

## MEMORANDUM OPINION

Donna Kohlhausen, in her capacity as Independent Executor of the Estate of

Valleyssa Joste Cerra, is appealing the trial court's granting of traditional and

no-evidence summary judgment in favor of Brian Keith Baxendale in his capacity as the Independent Executor of the Estate of Kelley William Joste. In three issues, Kohlhausen argues that the trial court erred by granting summary judgment on all of her breach of fiduciary duty and fraud claims. We affirm the trial court's judgment.

**Background**

Barbara Kelley Joste's Last Will and Testament established a testamentary trust for the benefit of her son Kelley William Joste. The Will, which named Kelley as Trustee and Beneficiary of his trust, also set forth the provisions governing the administration of Kelley's trust. Section 6.2 of the Will states in pertinent part:

> 6.2 With regard to each trust created by this [Article VI], my Trustee shall distribute to the Beneficiary of such trust or any descendant of such Beneficiary such amounts of trust income and principal as shall be necessary, when added to the funds reasonably available to each such distributee from all other sources known to my Trustee, to provide for the health, support, maintenance and education of each such distributee, taking into consideration the age, education and station in life of each such distributee.

The Will also includes an exculpatory clause that states:

> 9.4 . . . Any Executor or Trustee shall be saved harmless from any liability for any action such Executor or Trustee may take, or for the failure of such Executor or Trustee to take any action if done in good faith and without gross negligence.

After Barbara died in 1997, Kelley exercised his right to become the sole trustee of his trust. In 1999, Kelley sent a "Memorandum of Division of Trust of the Kelley W. Joste Trust" to his estranged daughter, Valleyssa, informing her that he

2

had divided the trust into two separate trusts for tax purposes, as allowable under the Will.

Kelley died on January 11, 2012, whereupon, under the provisions of the Will, Valleyssa received control of the Trust's assets upon Kelley's death.

Valleyssa died in November 2013. Three months later, Kohlhausen, the independent executor of Valleyssa's estate, filed suit against Baxendale in his capacity as the independent executor of Kelley's estate. In her February 2014 petition, Kohlhausen alleged that, when Kelley was trustee, he breached his fiduciary duty to Valleyssa, the other Trust beneficiary, by: (1) failing to disclose information regarding the Trust to Valleyssa despite an affirmative duty to do so; (2) engaging in self-dealing, i.e., gifting himself Trust assets in excess of his support needs; (3) failing to make any distributions to Valleyssa or consider her support needs; (4) failing to consider his other sources of support and his own station in life before making distributions to himself; (5) commingling Trust assets with personal assets; (6) pledging Trust assets as collateral in violation of the Will's terms; and (7) failing to document his activity as trustee. Kohlhausen also alleged that Kelley committed fraud by nondisclosure and constructive fraud by failing to disclose his activities that depleted trust funds to Valleyssa, despite his affirmative duty to disclose such information under the terms of the Will.

3

Baxendale filed a combined traditional and no-evidence motion for summary judgment in which he argued that he was entitled to judgment as a matter of law on all of Kohlhausen's causes of action based on the plain language of the Will's exculpatory clause which relieved the trustee from liability for any actions or omissions "if done in good faith and without gross negligence." Baxendale attached a copy of the Will and a "Memorandum of Division of Trust of the Kelley W. Joste Trust" to his motion for summary judgment.

After a hearing, the trial court granted summary judgment motion without specifying the basis for its ruling and expressly disposed of "all claims by all parties."

### Standard of Review

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In conducting our review, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co.*, 164 S.W.3d at 661; *Provident Life & Accident Ins.*, 128 S.W.3d at 215. If a trial court grants summary judgment without specifying the grounds for granting the motion, we must uphold the trial court's judgment if any of the asserted grounds are meritorious. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—

4

Houston [1st Dist.] 2005, pet. denied). Where, as here, the movant files a hybrid summary-judgment motion, we usually address no-evidence grounds first, but we do not need to do so if we conclude that we must affirm the ruling on traditional grounds. *See McCoy v. FemPartners, Inc.*, 484 S.W.3d 201, 205 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

In a traditional summary-judgment motion, the movant has the burden of establishing that he is entitled to judgment as a matter of law and there is no genuine issue of material fact. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). When a defendant moves for a traditional summary judgment, he must either: (1) disprove at least one essential element of the plaintiff's cause of action, or (2) plead and conclusively establish each essential element of his affirmative defense, thereby defeating the plaintiff's cause of action. *See Cathey*, 900 S.W.2d at 341; *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). Once the movant meets its burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *See Centeq Realty, Inc.*, 899 S.W.2d at 197; *Transcon. Ins. Co. v. Briggs Equip. Trust*, 321 S.W.3d 685, 691 (Tex. App.—Houston [14th Dist.] 2010, no pet.). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam). On the other hand, "[w]hen the evidence

offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).https://1.next.westlaw.com/Link/Document/FullText?findType=Y&serNum=200796350 5&pubNum=4644&originatingDoc=I0a57c04a116c11e3a555d241dae65084&refType=RP&fi=c o_pp_sp_4644_746&originationContext=document&transitionType=DocumentItem&contextDa ta=(sc.UserEnteredCitation) - co_pp_sp_4644_746

### Traditional Summary Judgment

In her first issue, Kohlhausen challenges the trial court's granting of Baxendale's traditional motion for summary judgment.

Baxendale pleaded section 9.4 of the Will as a defense to Kohlhausen's breach of fiduciary duty and fraud claims. This section provides that a trustee "shall be saved harmless from any liability for any action [he] may take, or for [his failure] to take any action if done in good faith and without gross negligence." Texas courts have described similar clauses in testamentary trusts as exculpatory clauses. *See Dolan v. Dolan*, No. 01-07-00694-CV, 2009 WL 1688532, at *4 (Tex. App.—Houston [1st Dist.] June 18, 2009, pet. denied) (mem. op.); *see also Tex. Commerce Bank, N.A. v. Grizzle*, 96 S.W.3d 240, 243 (Tex. 2002).

An exculpatory clause is an affirmative defense. *See* TEX. R. CIV. P. 94; *Rowlett v. McMillan*, 574 S.W.2d 625, 627 (Tex. Civ. App.—Houston [14th Dist.]

6

1978, writ ref'd n.r.e.) (stating exculpatory clause is affirmative defense). A defendant urging summary judgment on an affirmative defense is in the same position as a plaintiff urging summary judgment on a claim. *See Nowak v. DAS Inv. Corp.*, 110 S.W.3d 677, 680 (Tex. App.—Houston [14th Dist.] 2003, no pet.). The party asserting an affirmative defense has the burden of pleading and proving it. *See* TEX. R. CIV. P. 94.

A trustee may file a traditional motion for summary judgment establishing the exculpatory clause as an affirmative defense. *See Grizzle*, 96 S.W.3d at 252, 255. After the trustee establishes the existence of the exculpatory clause, the burden shifts to the nonmovant to bring forward evidence negating its applicability. *See id.* (sustaining traditional motion for summary judgment brought on exculpatory clause where beneficiary failed to create fact issue as to applicability of clause's exceptions for gross negligence, bad faith, or fraud).

In this case, Baxendale pleaded the exculpatory clause and attached a copy of the Will containing the clause to his summary judgment motion. The Will plainly states that Kelley is not liable for any acts or omissions so long as such conduct was done "in good faith and without gross negligence." *See San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000) (stating court must attempt to ascertain testator's intent based on plain language of will). Because Baxendale established that he was entitled to summary judgment as a matter of law on all of Kohlhausen's

7

claims based on the plain language of the Will, Kolhausen was required to bring forth more than a scintilla of evidence creating a fact issue as to the applicability of the clause, i.e., evidence that Kelley's acts or omissions were done in bad faith or with gross negligence.

Kohlhausen filed a response to Baxendale's motion and attached the following evidence: a copy of the Will, her affidavit, an inventory and appraisements of Valleyessa's estate, inventory and appraisements of Kelley's estate, and portfolio loan account statements to Kelley from Morgan Stanley for May 31, 2013 and June 30, 2013.

In her affidavit, Kohlhausen averred that after reviewing the financial documents available to her she was "unaware of any evidence that Kelley made any distributions to Valley from the Trust between 1997 and 2012." Kohlhausen further averred: "I have reviewed the account statements produced by [Baxendale]. These statements are incomplete and I am unable to ascertain from them an accurate account of what receipts and distributions were made from the Trust during the time Kelley was trustee." Kohlhausen also stated that she was "unaware of any documentation to suggest Kelley ever contacted Valley to inquire about her support needs during the time he was trustee."

In her response to Baxendale's motion, Kohlhausen also cited to her affidavit as summary judgment evidence supporting the "undisputed fact that [Kelley] spent

Trust funds on only himself for a 14-year period." Kohlhausen also argued that Kelley acted in bad faith, as evidenced by the fact that "Kelley knew Valleyssa was a beneficiary, yet made no inquiry and ignored her needs altogether, never making a single distribution to her," and she cited her affidavit in support.

At most, Kohlausen's affidavit does not raise a fact issue as to whether Kelley failed to disclose information regarding the Trust to Valleyessa, make distributions to Valleyssa, consider her support needs, or document his activities as trustee. The paucity of evidence in this case is a result of the fact that both principals to the dispute have passed away. There is no one to depose and no affidavits to file establishing key facts. Moreover, the terms of the Will provided that Valleyessa was a contingent beneficiary, and Kelley, as the primary beneficiary, was allowed but not required to make a distribution to Valleyessa. Kohlhausen's attorney is reduced to an attempt to build a case on the scant records left behind by Kelley. Such evidence amounts to no more than a scintilla and is insufficient to even establish what actions Kelley took or failed to take as trustee, much less that Kelley acted in bad faith or with gross negligence. *See Ford Motor Co.*, 135 S.W.3d 601. Similarly, the other available summary judgment evidence, i.e., the Will, the memorandum, the portfolio loan account statements from Morgan Stanley for May 31, 2013 and June 30, 2013, and the inventory of Kelley's estate as of January 11, 2012, do not raise a fact issue that Kelley breached his fiduciary duty by acting or failing to act with

regard to Kohlhausen's other claims for breach of fiduciary duty. *See Grizzle*, 96 S.W.3d at 255. Specifically, such documentation does not provide any evidence of Kelley making any distributions to himself, his sources of support, or his station in life when he served as trustee from 1997 until his death on January 11, 2012, or commingling Trust assets with personal assets, or pledging Trust assets as collateral, much less that such acts or omissions were taken in bad faith or involved gross negligence. At most, this evidence establishes Kelley's assets and liabilities at the time of his death, his estate's continuing liability to Morgan Stanley, and the division of the original trust created by the Will in 1999 under the Will's terms.

Because the summary judgment evidence failed to raise an issue of material fact as to whether any of Kelley's alleged acts or omissions forming the basis of Kohlhausen's breach of fiduciary duty claims were taken in bad faith or involved gross negligence, Kohlhausen failed to meet her burden of establishing the inapplicability of the exculpatory clause to such acts or omissions. *See id.* at 252, 255; *see also Centeq Realty, Inc.*, 899 S.W.2d at 197. Kohlhausen's fraud claims are based on the same set of facts as her breach of fiduciary duty claim that Kelley failed to disclose Trust information to Valleyssa despite an affirmative duty to do so. Having failed to raise an issue of material fact as to whether such acts or omissions were done in bad faith or involved gross negligence as to her breach of fiduciary duty claim, Kohlhausen has also failed to raise an issue of material fact as to the

10

applicability of the exculpatory clause to such acts or omissions with regard to her fraud claims. *See Centeq Realty, Inc.*, 899 S.W.2d at 197.

We overrule Kohlhausen's first issue.

**Remaining Issues**

Having determined that the trial court did not err by granting Baxendale's traditional motion for summary judgment on all of Kohlhausen's causes of action, we do not need to address Kohlhausen's second issue challenging the trial court's granting of Baxendale's no-evidence motion. *See McCoy*, 484 S.W.3d at 205.

In her third issue, Kohlhausen argues that the trial court erred by granting summary judgment in Baxendale's favor on three claims that were not raised in the motion, i.e., Kohlhausen's two fraud claims and her breach-of-fiduciary-duty claim based on Kelley's failure to document his activities as trustee. In his motion, Baxendale argued that "the Will's exculpatory provision precludes liability for all of [Kohlhausen's] claims." As previously discussed, Baxendale proved the existence of the exculpatory clause holding Kelley harmless with respect to acts or omissions as trusteee, and Kohlhausen failed to raise a question of material fact as to the clause's application.

We overrule Kohlhausen's third issue.

## Conclusion

We affirm the trial court's judgment.

Russell Lloyd
Justice

Panel consists of Justices Bland, Massengale, and Lloyd.

Justice Massengale, concurring in judgment only.