**William O. SCEARSE; and; Eula F. Scearse, Appellants,**

v.

**Phillip LEWIS; and; Karen Chrisman Blanford, Appellees.**

**No. 2000–CA–000319–MR.**

Court of Appeals of Kentucky.

Feb. 9, 2001.

Rehearing Denied March 30, 2001.

William O. Scearse, Bledsoe, pro se.

Eula F. Scearse, Bledsoe, KY, pro se.

Matthew B. Troutman, Louisville, for Appellant.

Asa P. Gullett, III, Gullett, Combs, Reed & Bowling, Hazard, for Appellee.

Before GUDGEL, Chief Judge, COMBS, and McANULTY, Judges.

### OPINION

McANULTY, Judge:

This is an appeal from the trial court's order granting the defendants' motion to dismiss. We conclude that Appellants' complaint stated a claim which was not barred by the doctrine of res judicata and therefore reverse.

In 1989 Appellants, William and Eula Scearse, employed Appellees, Phillip Lewis and Karen Blanford, to represent them in a legal dispute with Eula's siblings concerning a deed to a five-acre tract of real property Eula received from her mother, Iva Turner. The Appellees successfully defended the suit for Appellants and the deed was declared valid. Appellees again represented Appellants in 1990 when Shamrock Coal Company sought to sell a separate tract of land jointly owned by Shamrock Coal, Eula Scearse, and her siblings.

Appellants then executed a deed on May 22, 1992, which conveyed to Appellees, in consideration of the employment contract for the legal services, an undivided one-third interest in the five-acre tract. Subsequently, Appellants and Appellees jointly executed a deed on November 1, 1994, which granted to Shamrock Coal all of their undivided interest in this five-acre tract. Apparently, in connection with this deed the parties entered into a separate agreement on November 1, which purported to resolve a defect in title to land, previously acquired by Shamrock Coal, surrounding this five-acre tract. In this agreement, Shamrock Coal conveyed to Appellants and Appellees its interest in a separate tract of land. Appellants and Appellees further agreed to lease this separate tract of land to Shamrock Coal in exchange for $20,000 in advance royalties.

Sometime in 1996, Appellants filed an action against the Appellees, alleging legal malpractice in their representation and subsequent conveyances of property. Appellants contended that they had been duped into signing over property and suggested that Appellees had altered documents after the Appellants had signed them. Eventually, in March of 1997, Appellants executed a release of all claims against Appellees, in exchange for a deed in which Appellees quitclaimed to Appellants all their interest in the five-acre tract. At this point we note that this deed and accompanying release were executed in spite of the fact that the Appellees no longer held any interest whatsoever in the five-acre tract, by virtue of the November 1, 1994 deed to Shamrock Coal.

Appellants realized what had occurred and filed, *pro se,* the present action in the Leslie Circuit Court arguing fraud and asking the trial court to set aside and declare null and void the deeds which had been allegedly altered or in which their signatures had been forged. Appellees filed a motion to dismiss on the grounds of res judicata, referring the trial court to the previous action against them and the Appellants' release of all claims. The trial court summarily granted the motion to dismiss.

Appellants initially proceeded *pro se* on appeal; however, they subsequently obtained counsel and this Court permitted counsel to file a supplemental brief. Appellants' counsel contends that the trial court erred in granting the motion to dismiss. We agree.

■ In considering a motion to dismiss, the trial court is required to take every

allegation in the complaint as true and to construe them in the light most favorable to the nonmoving party. *Whittington v. Whittington,* Ky.App., 766 S.W.2d 73, 74 (1989). As Appellants' counsel readily admits, the *pro se* complaint was not artfully written. However, we believe that it stated a cause of action against Appellees, especially in consideration of the documents filed with the pleadings. Although we determine that the trial court erred, we cannot entirely fault the trial court. The complaint contains a myriad of allegations and could have been interpreted to merely repeat the grounds for the previous lawsuit. Upon a close examination of the entire record, Appellants' new allegations become more clear.

Appellees continue to argue on appeal that the claims are the same as addressed in Appellants' 1996 action against them. They are correct to the extent that Appellants' complaint realleges past injuries which were meant to be remedied by the parties' settlement of that suit which resulted in the deed and release signed by Appellants. Of crucial importance, however, is the allegation that the purported settlement of the previous suit was fraudulent. As we previously noted, in order to settle the suit in 1997, Appellees agreed to quitclaim their interest in the five-acre tract to Appellants. They did this in spite of the fact that in 1997, Appellees no longer held any interest whatsoever in this tract, having conveyed said interest to Shamrock Coal in 1994.

It goes without saying that the principles of res judicata cannot apply to bar an action which arose from the settlement of the previous lawsuit. Moreover, a settlement agreement which lacks consideration cannot be enforced as a binding contract. *Huff Contracting v. Sark,* Ky. App., 12 S.W.3d 704 (2000). Appellants alleged in their complaint that they agreed to drop the previous suit against Appellees "for our property returned." The complaint further indicates that they filed the present action once Appellants learned that they had not in fact received their property under the settlement.

For the foregoing reasons, the trial court's order dismissing is reversed and this case is remanded for further proceedings.

ALL CONCUR.