RENDERED:  MAY 31, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0998-MR

JIM TOPOLSKI D/B/A AMERICAN
DECK & SUNROOM COMPANY                                        APPELLANT

v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE THOMAS L. TRAVIS, JUDGE
ACTION NO. 17-CI-00023

MARY JOHNSON                                                          APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; A. JONES AND LAMBERT,
JUDGES.

THOMPSON, CHIEF JUDGE:  Jim Topolski, d/b/a American Deck & Sunroom
Company, appeals from a judgment of the Fayette Circuit court ordering him to
pay over eight thousand dollars to Mary Johnson for breach of contract.  We
reverse and remand because the judgment was unclear on one issue and additional
findings are necessary.

## FACTS AND PROCEDURAL HISTORY

Appellee contracted with Appellant to construct a deck onto her home. The plans for the deck included a ramp from the ground onto the deck for access and a fire pit. Appellee claimed that the fire pit was to be built in and the ramp was to be wheelchair accessible. After the deck was completed, there was no fire pit and the ramp was not suitable for a wheelchair. Appellant claimed that there was never a discussion regarding the ramp being suitable for a wheelchair. Appellant also claimed that the fire pit could not be built into the deck due to the materials Appellee chose to build the deck out of.

The underlying suit came about because Appellee refused to pay Appellant a final payment of $7,212.00. Appellant sued for breach of contract. He also sought attorney fees based on language in the contract allowing him to collect such. Appellee countersued for breach of contract and fraud. A bench trial was ultimately held. At the trial, Appellant, Appellee, and an expert hired by Appellee all testified. The trial court concluded that Appellant breached the contract by not building a built-in fire pit, by not building a handicapped accessible ramp, and by not obtaining a building permit. The court awarded Appellee $15,863.08. This was the amount testified to by Appellee's expert that it would cost to modify the deck to include a built-in fire pit, handicapped accessible ramp, and other repairs and modifications. The trial court then reduced that award by the $7,212.00

-2-

Appellee owed to Appellant. The court also declined to award either party attorney fees. Appellant then filed a motion to alter, amend, or vacate; however, that motion was denied. This appeal followed.

## ANALYSIS

Appellant argues on appeal that the trial court erred in not enforcing the contract as written because it was unambiguous. He also argues that the court erred by finding that he breached the contract by not building a wheelchair accessible ramp and built-in fire pit. He argues that the contract did not mention that the ramp was to be wheelchair accessible or that the fire pit was to be built in.

> The interpretation of a contract, including determining whether a contract is ambiguous, is a question of law for the courts and is subject to *de novo* review.
>
> In the absence of ambiguity, a written instrument will be enforced strictly according to its terms, and a court will interpret the contract's terms by assigning language its ordinary meaning and without resort to extrinsic evidence. Courts will find that a contract is ambiguous where a reasonable person would find it susceptible to different or inconsistent interpretations.
>
> If there is no ambiguity in the contract, a reviewing court must determine the intention of the parties from the four corners of that instrument. Further, [i]n the absence of ambiguity a written instrument will be enforced strictly according to its terms, and a court will interpret the contract's terms by assigning language its ordinary meaning and without resort to extrinsic evidence. The fact that a party may have intended different results is inadequate to construe a contract at variance with its plain and unambiguous terms.

*Superior Steel, Inc. v. Ascent at Roebling's Bridge, LLC*, 540 S.W.3d 770, 783-84

(Ky. 2017) (internal quotation marks and citations omitted). "Where a contract is

ambiguous or silent on a vital matter, a court may consider parol and extrinsic

evidence involving the circumstances surrounding execution of the contract, the

subject matter of the contract, the objects to be accomplished, and the conduct of

the parties." *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 385

(Ky. App. 2002) (citations omitted). "However, once a court determines that a

contract is ambiguous, areas of dispute concerning the extrinsic evidence are

factual issues and construction of the contract become subject to resolution by the

fact-finder." *Id.* The trial court's findings of fact are then reviewed under the

clearly erroneous standard.

> The Court of Appeals . . . [is] entitled to set aside
> the trial court's findings only if those findings are clearly
> erroneous. And, the dispositive question that we must
> answer, therefore, is whether the trial court's findings of
> fact are clearly erroneous, i.e., whether or not those
> findings are supported by substantial evidence.
> "[S]ubstantial evidence" is "[e]vidence that a reasonable
> mind would accept as adequate to support a conclusion"
> and evidence that, when "taken alone or in the light of all
> the evidence, . . . has sufficient probative value to induce
> conviction in the minds of reasonable men." Regardless
> of conflicting evidence, the weight of the evidence, or the
> fact that the reviewing court would have reached a
> contrary finding, "due regard shall be given to the
> opportunity of the trial court to judge the credibility of
> the witnesses" because judging the credibility of
> witnesses and weighing evidence are tasks within the

exclusive province of the trial court. Thus, "[m]ere doubt as to the correctness of [a] finding [will] not justify [its] reversal," and appellate courts should not disturb trial court findings that are supported by substantial evidence.

*Moore v. Asente*, 110 S.W.3d 336, 353-54 (Ky. 2003) (footnotes and citations omitted).

Here, the court held that Appellee had a "reasonable expectation" that the fire pit would be built in and appropriate materials would be used. The court also held that Appellee had a "reasonable expectation" that the ramp would be wheelchair accessible. The court held that by not building these two features as such, Appellant breached the contract. The court did not use the term "ambiguous" in its judgment, but by using the "reasonable expectation" language and allowing extrinsic evidence to be presented about the contract, the trial court was concluding the terms of the contract were ambiguous.

We agree with the trial court. The contract was ambiguous because it did not specify the type of fire pit that would be included, whether built in or free standing. In addition, the contract did not indicate if the ramp was handicapped accessible or simply being used in lieu of stairs as a method of entering and exiting the deck. The court's determination that the contract was ambiguous was correct and the court's use of extrinsic evidence was appropriate.

The court also heard evidence from both parties as to the terms of the contract and found Appellee's evidence more credible. Appellee provided

-5-

substantial evidence to the court that her interpretation of the contract was the correct one. She testified as to her conversations with Appellant regarding the deck and provided text messages that bolstered her testimony. The court found Appellant's testimony more credible, as was its prerogative, and ruled in her favor. There was no error.

Appellant's next argument on appeal is that the court erred in finding that he breached the contract by not obtaining a building permit for the deck. The contract called for Appellee to acquire any necessary permits. The contract also allowed the contract to be modified either orally or in writing. Appellant volunteered to get the building permit and Appellee agreed. This agreement was memorialized in text messages which were submitted into evidence. Appellant did not obtain the permit. Appellant argues that he was not required to do so because there was a lack of new consideration and the modification of the contract was invalid.

Appellant cites to *Energy Home, Division of Southern Energy Homes, Inc. v. Peay*, 406 S.W.3d 828, 834 (Ky. 2013), for the proposition that "by subsequent agreement based upon a sufficient consideration parties may modify their contract in any manner they choose; and that generally a new consideration is required in order for an attempted modification for a contract to be valid."

(Citation omitted.) Appellant argues there was no new consideration to modify the contract and require him to obtain the permit. We disagree.

Consideration is defined as:

> A benefit to the party promising, or a loss or detriment to the party to whom the promise is made. Benefit, as thus employed, means that the promisor has, in return for his promise, acquired some legal right to which he would not otherwise have been entitled. And detriment means that the promisee has, in return for the promise, forborne some legal right which he otherwise would have been entitled to exercise.

*Huff Contracting v. Sark*, 12 S.W.3d 704, 707 (Ky. App. 2000) (internal quotation marks, footnote, and citations omitted). Testimony at trial indicated that Appellant told Appellee that if he were to get the permit, it would delay the construction start date by two weeks. Appellee agreed to the delay. That two-week delay was consideration. While we agree with Appellant's claim that there was no evidence the lack of a permit damaged Appellee, it was still a breach of the modified contract and the court did not err in making such a finding.

Appellant also argues on appeal that the court erred by finding that Appellee did not breach the contract. Appellant claims that by not making the final $7,212.00 payment, she breached the contract. We find no error. Appellee testified that she did not make the final payment because she did not believe the deck was completed due to the lack of fire pit and wheelchair accessible ramp.

The court's finding on this matter was appropriate and based on substantial evidence.

Appellant next argues that the court erred in awarding Appellee damages based on defects in the deck that were not related to the fire pit and ramp. The court found that Appellant should have constructed a built-in fire pit and a wheelchair accessible ramp. The court also held the following: "That as to the work actually done (materials, goods & labor performed) by [Topolski] and his employees/agents, the Court finds that such work was done in a good and workman-like manner."

The court awarded $15,863.08[1] in damages to Appellee to compensate her for the lack of a fire pit and lack of a wheelchair accessible ramp. That $15,863.08 figure came from Appellee's expert. The expert in this case testified and presented a written report. The written report set forth the costs associated with installing a fire pit and fixing the ramp. The report also included other general structural defects and poor workmanship that he believed needed to be corrected. This included extra support needed under the deck and under a seating

_____

[1] We note that Appellee briefly claims that the award should have been $13,219.24 and not $15,863.08. The record shows that Appellee's expert did use the $13,219.24 figure as the cost for repairs, but the expert also testified there would be an additional 20% in overhead costs that a contractor would charge Appellee to make the repairs. This additional 20% cost raises the amount to $15,863.08 and that is what the trial court awarded. The $15,863.08 amount was not an error and was based on the expert's testimony.

area, misaligned or incorrectly measured boards, and issues with the deck railing. The report indicated the total cost to fix all defects would be $15,863.08.

The expert's testimony, however, was a little different from the report. The expert in this case was not a contractor, he was an expert insurance claims adjuster. Prior to trial, Appellant moved to limit the expert's testimony based on the fact that he was not a contractor. The court agreed. The court ruled that the expert could testify as to what it would cost to install a fire pit and a wheelchair accessible ramp, but he could not testify as to overall workmanship and the general state of the deck's construction.

During the expert's testimony, he testified that it would cost around $4,400 to install the fire pit and around $1,000 to fix the ramp. He also stated it would cost $3,300 to fix a bench area once the fire pit was installed. This amounts to a cost of around $8,700.

The court's findings held that Appellant's workmanship was appropriate except when it came to the fire pit and ramp; however, it awarded Appellee damages that seem to be unrelated to the fire pit and ramp. In other words, the expert testified to a repair cost of around $8,700, but the court used the full $15,863.08 figure from the report when it awarded damages. Appellant argues these damages should have been excluded because they were not related to the fire pit or ramp. Appellee claims that the other issues testified to by the expert and

identified in the report, such as the seating area and support issues, should be included in the damages calculation. She claims that, in order to build the fire pit, the section of the deck that contains the seating area would need to be demolished and rebuilt. In other words, the expert's testimony and report were related to rebuilding part of the deck, including the seating area, after the new fire pit is installed and that his testimony and report were not related to current deck defects.

The court's judgment on this issue is unclear and we must remand. Some of the issues found in the report, such as changes to the bench seating area and extra supports under the deck, could be related to the installation of the fire pit. Other issues, such as misaligned boards and defects in the railing might not be related. Did the court intend to award Appellee damages related to other issues, such as the deck seating area, misaligned boards, and other such issues? If so, were these damages to compensate Appellee for current deck defects and poor workmanship or for future modifications once the fire pit is installed? This needs to be cleared up.

Appellant's final argument on appeal is that the trial court erred in not awarding him attorney fees. As previously mentioned, the contract at issue allowed Appellant to recover attorney fees for any court action seeking to enforce the terms of the contract. He argues that because he had to bring suit to recover the final $7,212.00 payment, he is entitled to attorney fees.

Generally, Kentucky courts apply the so-called American Rule regarding attorney's fees. That rule requires parties to pay their own fees and costs and does not allow, as in the English courts, for the shifting of the prevailing party's fees to the loser. However, one exception to this general rule, is where the parties have agreed through a specific contractual provision to allow for recovery of attorneys' fees. An award of attorneys' fees is within the sound discretion of the trial court and will not be disturbed [a]bsent a showing of an abuse of that discretion. The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.

*Superior Steel, Inc. v. Ascent at Roebling's Bridge, LLC*, 540 S.W.3d 770, 787 (Ky. 2017) (internal quotation marks and citations omitted).

In this case, the trial court held the following: "That under the circumstances, the Court finds that neither party is entitled to the recovery of attorney's fees, thus the Court makes no award of attorney's fees to either party." We find no error as to this issue. Yes, the contract allowed Appellant to collect attorney fees, but Appellant was found to have breached the contract while Appellee did not. Under these circumstances, it was not an abuse of discretion for the trial court to deny an award of attorney fees.

## CONCLUSION

Based on the foregoing, we reverse and remand for additional findings.

-11-

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Chad R. Wadlington | Mary S. Johnson |
| Shelbyville, Kentucky | Jace S. Martin |
| | Louisville, Kentucky |